Johnson, Appellant, *v.* Peoples Cab Company.

514

Argued October 4, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Gustav M. Berg,* with him *Warren S. Reding, Norman P. Wolken* and *Samuel Avins,* for appellants.

*Harland I. Casteel,* with him *Campbell, Houck & Thomas,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, November 13, 1956:

The primary object of a trial in our American courts is to bring to the tribunal, which is passing on the dispute involved, those persons who know of their own

knowledge the facts to which they testify. If it were not for this absolute *sine qua non,* trials could be conducted on paper without the presence of a single flesh and blood witness. However, with such a pen-and-ink procedure, there would be no opportunity to check on testimonial defects such as fallacious memory, limited observation, purposeful distortions, and outright fabrication. The great engine of cross-examination would lie unused while error and perjury would travel untrammeledly to an unreliable and often-tainted judgment. Accordingly, nothing is more adamantly established in our trial procedure than that no one may testify to what somebody else told him. He may only relate what is within the sphere of his own memory brought to him by the couriers of his own senses. While, of course, there are many so-called exceptions to this rule against hearsay, it will be noted upon analysis that they are actually not exceptions. In nearly every instance where the statement of others is allowed, the alleged hearsay is in itself a matter of original impression.

In the case at bar, the Court below permitted in evidence a police report of the accident which was the subject matter of the litigation. The report carried a sketch headed: Show How Accident Happened. The police officer who drew the sketch, Thomas Sauers, did not arrive at the scene of the mishap until 5 or 10 minutes after it happened. Obviously he could not know of his own personal knowledge where the collision had occurred. He did not know whether the cars had been moved after the impact. He testified: "Q. Were those cars moved from the time of the collision until you arrived? A. Not that I know of. Q. Well, do you know? A. I do not know for a fact, no, I don't know." Thus, the diagram which definitively portrayed the

point at which the cars collided, was either drawn from information obtained from others or was entirely speculative. In either event it could not constitute reliable evidence.

On the reverse side of the report, there appeared the following notation: "Operator of Vehicle No. 2 1016-B Through stop sign."

But the officer could not say of his own perception whether the operator of Vehicle No. 2, which was the taxicab which collided with a car being driven by one of the plaintiffs, Ralph Cuda, went through a stop sign or not. It was accordingly highly prejudicial to the taxicab company's case that this statement should be brought to the attention of the jury with all the prestige and authoritativeness which naturally attaches to an impartial police report.

The appellants, who obtained the jury's verdict, argue that the case of *Haas v. Kasnot*, 371 Pa. 580, cited by the Court below in support of its decision ordering a new trial, is not controlling here because in that case the facts were somewhat different. While the facts here are not a carbon copy of the Haas facts, they are sufficiently close to make the principle in the *Haas* case directly applicable to the case at bar. Speaking for a unanimous court, Chief Justice STERN said in the *Haas* case: "Neither Frisch nor any of these other officers had witnessed the accident, nor did any of them have any personal knowledge as to how it happened; nevertheless the report, while undoubtedly containing *some* statements of which Frisch might have had knowledge, as, for example, the position of the cars when he observed them, the state of the weather, etc., also purported to set forth, both in language and by diagram, the manner in which the accident had happened . . . Obviously this description of the occurrence

could have been obtained by the officers only from witnesses interviewed by them, and therefore was purely hearsay testimony, affording no opportunity to plaintiffs to cross-examine the unknown, undisclosed persons upon whose statements this important feature of the report was based."

The appealing plaintiffs make the point that after the taxicab company's attorney had objected to the introduction of the police report, he asked for the deletion of a certain statement in the report, which deletion was agreed to by plaintiffs' counsel. Appellants' counsel now argue that the defendant taxicab company is precluded from objecting to the whole report since a portion of it was deleted at his request. The person who believes himself entitled to a full cake does not relinquish his claim by accepting a small slice, unless he indicates by the part-acceptance that he has abandoned his claim to the whole. There is no indication that defendant's counsel waived his objection to the introduction of the report because a deletion therefrom was purportedly made. It is unnecessary, however, for this Court authoritatively to pass upon this point, since the record does not show what was the nature of the alleged deletion.

The order of the court below granting a new trial is affirmed.