166

Andrews *v.* Jackson et al., Appellants.

Argued September 15, 1967. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

*Richard J. van Roden,* with him *Pepper, Hamilton & Scheetz,* for defendant, appellant.

*Joseph G. Manta,* with him *James M. Marsh,* and *LaBrum and Doak,* for additional defendant, appellant.

*Benjamin Pomerantz,* for plaintiff, appellee.

OPINION BY MONTGOMERY, J., November 16, 1967:

This is an action of trespass growing out of the collision of two automobiles at a right angle street intersection in Philadelphia, Pennsylvania about 3:45 p.m., October 3, 1959, a clear day. Plaintiff Andrews was a passenger in the automobile of Benjamin White, the additional defendant, whose car was traveling south on Twenty-Second Street, a through street. The original defendant Jackson was driving his automobile west on York Street, a stop street, but failed to stop before proceeding to cross Twenty-Second Street. Jackson testified that he applied his brakes two car lengths from the intersection but was unable to stop due to the complete failure of the brakes, and that his car went through the stop sign and collided with White's car. Both White and the plaintiff-passenger Andrews were injured. Andrews sued Jackson, the original defendant, who brought in White as an additional defendant.

Following a trial, the jury returned verdicts in favor of both defendants, and against the plaintiff Andrews. Plaintiff filed a motion for a new trial which the court below granted as to both defendants. In granting a new trial the court concluded that the testimony of police officer Atkins, who arrived at the scene some five to fifteen minutes after the accident, to the effect that Jackson was unable to stop due to brake failure, was hearsay, and that error prejudicial to the plaintiff's case had been committed by its admission.

On appeal the original defendant Jackson contends the police officer's evidence was properly admitted, and a new trial should not have been granted. The additional defendant White, in a separate appeal, contends that the alleged erroneous admission of the police officer's testimony related solely to the issue between plaintiff and the original defendant Jackson; therefore, a new trial should not have been granted as to him, the additional defendant, and the jury's finding in his favor should remain undisturbed.

We conclude that the lower court properly granted a new trial on the ground that the opinion testimony of officer Atkins that Jackson was unable to stop due to brake failure was speculative, not based on knowledge of facts existing at the time of the accident, and improperly admitted into evidence. There was a vacant lot on the northeast corner of the intersection giving White a view of Jackson approaching from his left. White was traveling about twenty miles per hour four feet from the intersection when he saw Jackson's car, four car lengths east on York Street, traveling at thirty-five miles per hour. As White was four feet into the intersection he saw that Jackson was not going to stop and was unsuccessfully trying to get out of his way. Jackson stated that he applied the brakes on his 1950 Studebaker about two car lengths from the

intersection, but they were "gone"; and that he continued into the intersection, at the same time blowing his horn, and collided with the White vehicle. Jackson testified he had no previous trouble with his brakes and that they worked properly at the preceding street intersection. The father-in-law of Jackson, sitting beside him in the front seat of the car, corroborated the fact that when Jackson applied the brake it went all the way to the floor.

Officer Atkins testified from a report made by him after his arrival at the scene some ten or fifteen minutes later, between 3:40 to 3:55 p.m. He had no recollection of what happened aside from the report. The officer's testimony on direct examination, which the court below held should have been excluded, was as follows: "A. The vehicle which is the striking vehicle was going west on York Street. He was unable to stop due to brake failure. Q. How did you ascertain or verify that there was no brakes? A. I would test them. Q. Did you test them? A. Yes, sir, because I have marked vehicle one that the equipment was faulty. We wouldn't mark it unless we tested it."

Admittedly the officer did not witness the accident, but arrived some time thereafter. He was competent to testify as to the condition of the brakes at the time he tested them, after the accident, but since Jackson's car suffered heavy damage in the collision the defect in the brakes could have been the result of the collision damage. The radiator fell down, the flexible brake line was broken, and Jackson abandoned the car thereafter. It is clear, therefore, that officer Atkins was not competent to render an opinion as to the condition of the brakes prior to and at the time of the accident.

The report and testimony of the officer that Jackson was unable to stop due to brake failure was hearsay and it was ". . . highly prejudicial to the . . . [plaintiff's] case that this statement should be brought

to the attention of the jury with all the prestige and authoritativeness which naturally attaches to an impartial police report." *Johnson v. Peoples Cab Company*, 386 Pa. 513, 126 A. 2d 720 (1956); *Broadbent v. A. Moe & Company, Inc.*, 208 Pa. Superior Ct. 28, 220 A. 2d 340 (1966). Opinion testimony of a police officer, who did not witness the accident, as to the cause thereof, is inadmissible as hearsay, "grossly speculative and an invasion of the jury's exclusive prerogative." *Brodie v. Philadelphia Transportation Company*, 415 Pa. 296, 203 A. 2d 657 (1964); *Smith v. Clark*, 411 Pa. 142, 190 A. 2d 441 (1963).

Plaintiff's attorney specifically objected to "any reference to the [police] report because he wasn't there at the time of the accident." Testimony by an expert that a broken spindle on a truck discovered after the accident could have been the cause thereof, is properly excluded since the offered testimony did not exclude the possibility that the defect may have resulted from the accident. *Smail v. Flock*, 407 Pa. 148, 180 A. 2d 59 (1962).

The additional defendant White contends the court's reason for granting a new trial related only to the issue of the negligence of the defendant Jackson. At trial, the court submitted the question of the negligence of both defendants to the jury. The possible negligence of both defendants at this right angle collision was in issue throughout the case. Here the alleged failure of Jackson's brakes was an issue relating to the negligence of both defendants. The question was whether White, although having the right of way, exercised due care under the circumstances. Cf. *Sternberg v. Dixon*, 411 Pa. 543, 192 A. 2d 359 (1963), where the lack of negligence on the part of the additional defendant was clear and there was no necessity of a new trial as to the additional defendant. Where the same fundamental error permeates the whole case, a new trial

should be granted generally; it restores the case to the status it had before the trial took place, fully open to be tried de novo as to all parties and issues. *Berkeihiser v. DiBartolomeo,* 413 Pa. 158, 196 A. 2d 314 (1964) ; *Pupich v. Bock,* 202 Pa. Superior Ct. 382, 195 A. 2d 809 (1963) ; *Caine v. Collins,* 194 Pa. Superior Ct. 230, 166 A. 2d 675 (1960) ; *Mains v. Moore,* 189 Pa. Superior Ct. 430, 150 A. 2d 549 (1959).

An appellate court will not reverse the grant of a new trial unless (1) there is a clear abuse of discretion, or (2) an error of law which controlled the outcome of the case. *Anderson v. Pittsburgh Railways Company,* 423 Pa. 550, 225 A. 2d 548 (1967) ; *Sternberg v. Dixon,* supra. Neither are prevalent here.

Order affirmed.