393 A.2d 924

**Henry ERSCHEN and Rita Erschen, Appellants,**

v.

**PENNSYLVANIA INDEPENDENT OIL COMPANY,
Defendant,**

**and**

**Charles P. Wieand, t/a Charles P. Wieand,
Additional Defendant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 27, 1978.

William J. McCarthy, III, Allentown, for appellants.

Robertson B. Taylor, Bethlehem, for appellee Pennsylvania Independent Oil Co.

Richard F. Stevens, Allentown, for appellee Wieand.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On September 20, 1970, appellants owned a motor transportation business which involved the taking of charter groups on excursions. In conjunction with this business, appellants owned five buses and a garage in which to store these vehicles. Appellant also owned real property on which four underground gasoline storage tanks were located. These tanks were installed by appellee, Pennsylvania Independent Oil Company. Appellee Charles P. Wieand was the individual responsible for connecting the two largest tanks.

An explosion occurred at appellant's business on September 20, 1970. Appellants sued appellees, contending that appellees were negligent in the installation of the gasoline tanks. At trial appellants called Trooper Thomas A. Marchetti to the stand to testify as an expert regarding the cause of the explosion. Appellants asked several questions of Trooper Marchetti in an effort to establish his expertise. The lower court, upon hearing Trooper Marchetti's credentials, ruled that the trooper did not qualify as an expert on explosions and held that this witness could not express an opinion as to the cause of the explosion. The witness was, however, permitted to relate to the court what he observed at the scene.

At the conclusion of the hearing, a compulsory nonsuit was entered against appellants. Appellants take this appeal from the lower court's decision and argue that the lower court erred by not allowing Trooper Marchetti to offer his opinion as to the cause of the explosion at appellants' premises. A careful review of this case leads us to conclude that the lower court properly exercised its discretion and so we affirm.

The record discloses that on December 20, 1970, Trooper Marchetti was employed as the fire marshall for Northampton and Lehigh Counties and had been the fire marshall for about six months. As fire marshall, the trooper was responsible for the investigation of fires of undetermined origin and for inspection of gas stations for safety features. To qualify for this job, Trooper Marchetti assisted the former fire marshall, Sargent Wargo, with several investigations.

Trooper Marchetti was asked how many fires he had investigated prior to December 20, 1970; the trooper responded twenty to twenty-five. This witness was also asked what type of experience he had during his on-the-job training and he testified that he investigated fires in which the fire chief could not determine the origin. The trooper also said that he attended a two-day seminar in Hershey, Pennsylvania, concerning fire investigations. However, when Trooper Marchetti was asked if this seminar covered gas explosions, the trooper said that he couldn't recall.

Thereupon, Trooper Marchetti was asked if, during his on-the-job training, he had an opportunity to discuss gas explosions with Sgt. Wargo. The trooper's response was, "I don't believe so. The only thing we did was if he had a fire investigation I'd go along with him, or if he went to check a gas station I'd go along with him. In all the times I was an assistant on the fire mars-all, I have never come across a gas explosion—any explosion of that type."

The trooper was then asked if he consulted with anyone or used any book throughout his investigation of the explosion at appellant's premises. Trooper Marchetti said that he consulted with the former fire marshall, Sgt. Wargo. When

appellant's attorney attempted to ask Trooper Marchetti what Sgt. Wargo told him, appellees' counsel objected, saying that Trooper Marchetti was no longer receiving on-the-job training from Sgt. Wargo and that, therefore, this consultation would not have relevance to the trooper's general qualifications. The court sustained the objection, since Trooper Marchetti said that he discussed only this particular explosion with Sgt. Wargo.

On cross examination, appellees' attorney asked Trooper Marchetti if at the time of his investigation he had any formal instructions or on-the-job training regarding the origin of gas explosions. Trooper Marchetti said, "No, sir, I have not, sir. I never conducted a gas explosion investigation."

In general, it is for the trial judge to determine whether a particular witness qualifies as an expert. *Griffith v. Clearfield Truck Rentals, Inc.*, 427 Pa. 30, 233 A.2d 896 (1967), and his decision on this matter will be reversed only for a clear abuse of discretion. *Houston v. Canon Bowl, Inc.*, 443 Pa. 383, 278 A.2d 908 (1971); *Laubach v. Haigh*, 433 Pa. 487 (1969); *Hussey v. May Dept. Stores, Inc.*, 238 Pa.Super. 431, 357 A.2d 635 (1976); *Flavin v. Aldrich*, 213 Pa.Super. 420, 250 A.2d 185 (1968); *Judy Ellyn, Inc. v. Hyde Park Fashions, Inc.*, 206 Pa.Super. 569, 214 A.2d 296 (1965).

An expert witness has been defined as a person who possesses knowledge not within the ordinary reach and who, because of this knowledge is specially qualified to speak upon a particular subject. *Steele v. Sheppard*, 411 Pa. 481, 192 A.2d 397 (1963); *Simmons v. Mullen*, 231 Pa.Super. 199, 331 A.2d 892 (1974). It is not necessary that the witness possess all the knowledge in his special field of activity. *Follansbee Bros. Co. v. Garrett-Cromwell Engineering Co.*, 48 Pa.Super. 183, 188 (1911). However, the witness must have a reasonable pretension to specialized knowledge on the subject under investigation. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974); *Griffith v. Clearfield Truck Rentals, Inc.*, 427 Pa. 30, 233 A.2d 896 (1967); *Ragan v. Steen*, 229 Pa.Super. 515, 331 A.2d 724

(1974). Therefore, a witness who, by his own testimony, shows that he has no experience or special knowledge of the matter at issue would be incompetent as an expert. *Steele v. Sheppard*, 411 Pa. at 484, 192 A.2d 397.

In the case at bar, Trooper Marchetti clearly testified that he had no formal instruction or on-the-job training in the origin of gas explosions. Regardless, appellants asked the court to qualify Trooper Marchetti as an expert in this case. Contrary to appellants' contention, Trooper Marchetti's qualifications as a fire marshall does not make him an expert on explosions. There was no evidence of fire introduced in this case, therefore, though Trooper Marchetti may qualify as an expert on fires, his expertise is not on the subject to which his attention was called, i. e., gas explosions.

The record indicates that the lower court was very fair in its exercise of discretion. When appellants attempted to have Trooper Marchetti qualified as an expert, the court sustained appellees' objection but the court also told appellants that it would allow them to reinstate their offer after the witness testified regarding the facts of his investigation. Appellants, however, did not repeat their motion. Given the absolute dearth of experience that Trooper Marchetti said he had with gas explosions, we conclude that the lower court properly ruled that the trooper could not testify as an expert. Accordingly, we affirm.

Judgment of nonsuit affirmed.

SPAETH, J., files a concurring opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree that it was within the trial judge's discretion to sustain the objection to the trooper testifying as an expert. I regret, however, the majority's repetition of the test, that to qualify as an expert, "the witness must have a reasonable

pretension to specialized knowledge." Majority opinion at 926. I stated what I regard to be the proper test in a concurring opinion in *Ragan v. Steen*, 229 Pa.Super. 515, 528, 331 A.2d 724, 736 (1974). A "pretension" is a statement of doubtful truth or value, and while I suppose it does no great harm to continue to say that someone may be an expert if he has a pretension to knowledge, it seems a pity; at any rate, it is of no help to the bench or bar, especially when McCormick and Wigmore have stated the test so much better.