449 A.2d 32

**Anne Louise LESHER and Earl Lesher and Noreen Lesher, Appellants,**

v.

**Dorothy HENNING.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Aug. 6, 1982.

Lindley M. Cowperthwait, Jr., Norristown, for appellants.
John O'Rourke, Norristown, for appellee.

·Before PRICE, WIEAND and HOFFMAN, JJ.

PRICE, Judge:

Appellants, Anne Lesher and her parents, Earl and Noreen Lesher, commenced this action in trespass on June 3,

1974 to recover for property damage and personal injuries sustained in a collision between automobiles driven by Anne Lesher and appellee, Dorothy Henning. The accident occurred on the night of November 11, 1972 at the intersection of Morris Road and Valley Forge Road in Worcester Township, Montgomery County. At the completion of trial on March 16, 1979, the jury rendered its verdict in favor of appellee. Appellants' post-trial motion for a new trial was denied by the court below sitting en banc, with one judge dissenting. Judgment was entered and this appeal followed. Appellants contend, *inter alia*, that the trial court erred in permitting a Pennsylvania State Police trooper who did not witness the accident to express his opinion that Miss Lesher failed to stop at a stop sign, thereby causing the collision. We agree, and, accordingly, vacate the judgment and remand the case to the Court of Common Pleas of Montgomery County for a new trial.

At approximately 10:30 on the night of November 11, 1972, Anne Lesher was driving east on Morris Road toward its intersection with Valley Forge Road. Morris Road is a two lane highway controlled by a stop sign at its intersection with Valley Forge Road. Valley Forge Road, which is designated Pennsylvania State Route 363, is a two lane highway running north and south. There are no signs or signals regulating traffic on Valley Forge Road at the Morris Road intersection. Appellee was driving south on Valley Forge Road when her vehicle collided at the intersection with the automobile driven by Miss Lesher. Miss Lesher suffered serious personal injuries as a result of the collision.

At trial, Miss Lesher testified that, as she approached the intersection, she observed a "heavy stream of traffic coming from my left on Valley Forge Road." (N.T. 59). She further testified that, upon reaching the intersection, she stopped at the stop sign, waited for the line of vehicles to pass in front of her, and then proceeded into the intersection, whereupon her automobile was struck by appellee's vehicle. To rebut this testimony, and to establish that Miss

Lesher was herself negligent in failing to stop at the stop sign on Morris Road,[1] appellee called several witnesses, the first of whom was Pennsylvania State Trooper Richard Prebula. Trooper Prebula investigated the accident but did not actually witness the collision. After it was established that Trooper Prebula had investigated the accident, the following exchange occurred:

Q. [COUNSEL FOR APPELLEE]: Would you tell us, as a result of your investigation, did you make a determination of how this accident occurred?

A. [TROOPER PREBULA]: Yes, I did.

[COUNSEL FOR APPELLANTS]: Objection, your Honor. If your Honor please, what Mr. Stewart is asking the trooper is solely the jury's determination. It is conclusion.

(N.T. 187). The trial judge overruled the objection and, after some discussion, Trooper Prebula resumed his testimony:

A.: The Lesher vehicle was traveling east, on Morris Road. The Henning vehicle was traveling south on Pa. 363. As the Henning vehicle approached the intersection with Morris Road the vehicle operated by Miss Lesher came through the intersection and was struck by the vehicle operated by Henning.

Q. [COUNSEL FOR APPELLEE]: Is there anything in your investigation to indicate the Lesher vehicle had stopped at the stop sign before entering the intersection?

A.: From interviewing the witnesses . . .

[COUNSEL FOR APPELLANTS]: Objection as to statements from other people, your Honor. It is clearly hearsay.

1. At the time the instant cause of action arose, contributory negligence was a complete bar to recovery. Since then, however, the Legislature has enacted a comparative negligence statute, Act of July 9, 1976, P.L. 855, No. 152, 17 P.S. § 2101, *repealed and reenacted,* Act of April 28, 1978, P.L. 202, No. 53, § 10 (89), 42 Pa.C.S.A. § 7102. As to the retroactive application of the Comparative Negligence Act, *see Costa v. Lair,* 241 Pa.Superior Ct. 517, 363 A.2d 1313 (1976).

[THE COURT]: Sustained.

Q. [COUNSEL FOR APPELLEE]: You can't testify to what somebody else told you, only what your conclusion was as a result of investigation.

A.: My conclusion is . . .

[COUNSEL FOR APPELLANTS]: If your honor please, that's a back door way of trying to get in hearsay testimony.

[THE COURT]: Mr. Cowperthwait, you are all familiar with that procedure. What was the question again?

[COUNSEL FOR APPELLEE]: The question was whether there was any indication from his investigation that the Lesher automobile had stopped at the stop sign before entering the intersection.

[THE COURT]: The answer is yes or no and what he decides after that is probably what you object to.

A.: Would you repeat the question again, please?

Q. [COUNSEL FOR APPELLEE]: Yes. Was there any indication of your investigation as to *whether or not the Lesher automobile had stopped at the stop sign before entering the intersection* ?

A.: *No, it did not.*

(N.T. 189–91) (emphasis added).

■ Trooper Prebula's conclusion that the Lesher vehicle failed to stop at the stop sign on Morris Road should not have been admitted into evidence on the issue of liability. The general rule in this Commonwealth is that an investigating police officer who did not actually witness a motor vehicle accident is not competent, at trial, to render an opinion as to its cause.[2] *Brodie v. Philadelphia Transporta-*

2. In articulating the general rule, we do not mean to imply that a non-eyewitness police officer may *never* render an opinion as to the cause of an accident. When a police officer is properly qualified as an expert witness, *see Kuisis v. Baldwin—Lima—Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974); *Pratt v. Stein*, 298 Pa.Superior Ct. 92, 444 A.2d 674 (1982); *Erschen v. Pennsylvania Independent Oil Co.*, 259 Pa. Superior Ct. 474, 393 A.2d 924 (1978), and a proper evidentiary foundation for his testimony has been established, the

*tion Co.*, 415 Pa. 296, 203 A.2d 657 (1964); *Smith v. Clark*, 411 Pa. 142, 190 A.2d 441 (1963); *Johnson v. Peoples Cab Co.*, 386 Pa. 513, 126 A.2d 720 (1956); *Kelly v. Buckley*, 280 Pa.Superior Ct. 353, 421 A.2d 759 (1980); *Andrews v. Jackson*, 211 Pa.Superior Ct. 166, 235 A.2d 452 (1967). The rationale for excluding opinion testimony of a non-eyewitness police officer as to the cause of an accident is that the officer has no first hand knowledge of the accident. Hence, his conclusion as to its cause would be speculative at best and thus would constitute an unwarranted and prejudicial usurpation of the factfinding prerogative of the jury. *Brodie v. Philadelphia Transportation Co., supra; Smith v. Clark, supra.*

■ That rationale is particularly apposite in the instant case. Trooper Prebula's opinion that Miss Lesher failed to stop her automobile at the stop sign was not predicated upon facts determined after careful analysis of the physical evidence at the scene of the accident. Rather, the trooper's opinion was based on accounts of the accident given by two eyewitnesses, both of whom were questioned by Trooper Prebula at the scene. In these circumstances, Trooper Prebula was not competent to render an opinion at trial. The admission of his opinion testimony into evidence, therefore, was error. *Andrews v. Jackson*, 211 Pa.Superior Ct. 166, 235 A.2d 452. *See Haas v. Kasnot*, 371 Pa. 580, 92 A.2d 171 (1952).

The court below concluded that, even if it had erred in permitting Trooper Prebula to state his opinion as to the cause of the accident, appellants were not prejudiced there-

officer may, like any expert witness, render an opinion on the question of causation.

In the present case, counsel for appellee attempted to qualify Trooper Prebula as an expert witness on the subject of accident investigation. *See* N.T. 185–86. Without then establishing the requisite foundation, appellee's counsel asked Trooper Prebula to state his conclusion as to the cause of the accident. Trooper Prebula's opinion, therefore, even if proffered as that of an expert, lacked the evidentiary basis necessary for its admission into evidence.

by because "other evidence was admitted concerning the plaintiff's failure to stop at the stop sign." Slip op. at 5. Citing the testimony of two eyewitnesses that the Lesher vehicle did not stop at the stop sign, the court below found it "hard to imagine that the State Trooper's brief answer was prejudicial after the jury listened to the conclusive testimony of the two eyewitnesses." Slip op. at 7. We do not concur in the trial court's assessment. We cannot, on the record *sub judice*, say with certainty that Trooper Prebula's opinion did not influence the jury's determination of liability. Trooper Prebula was the first witness to testify on behalf of appellee. He thus was the first witness to flatly contradict Miss Lesher's testimony that she stopped at the stop sign. The subsequent testimony of the two eyewitnesses corroborated the trooper's version of events and thereby added credibility to his opinion.[3] Indeed, the fact that the opinion was expressed by a police officer might, in itself, have rendered its admission into evidence prejudicial. As Justice Musmanno held in a remarkably similar case: "It was . . . highly prejudicial . . . that this statement should be brought to the attention of the jury *with all the prestige and authoritativeness which naturally attaches to an impartial police report." Johnson v. Peoples Cab Co.*, 386 Pa. 513, 516, 126 A.2d 720, 721 (1956).

In these circumstances, we conclude that Trooper Prebula's opinion could well have influenced the jury's determination of liability. Accordingly, we vacate the judgment and remand the case to the court of common pleas for a new trial.[4]

**3.** The record does not reveal whether the two eyewitnesses were sequestered during Trooper Prebula's testimony. The second eyewitness, however, was sequestered during the first eyewitness' testimony. (N.T. 236).

**4.** In view of our disposition of this appeal, we do not address appellants' three remaining allegations of trial error.