446 A.2d 635

Mary E. CONNOR and Earl T. Connor, her husband, Appellants,

v.

ALLEGHENY GENERAL HOSPITAL.

Superior Court of Pennsylvania.

Submitted April 13, 1981.

Filed June 4, 1982.

Petition for Allowance of Appeal Granted Sept. 20, 1982.

Leonard E. Price, Pittsburgh, for appellants.

Louis B. Loughren, Pittsburgh, for appellee.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellants appeal from the Orders of February 6, and April 7, 1980 [1] which granted Appellee's Motion for Summary Judgment and dismissed Appellants' complaint in trespass and assumpsit. We affirm.

The facts of the instant case emerge as follows.

Appellant Mary E. Connor, an in-patient at Allegheny General Hospital, submitted to a barium enema procedure on November 26, 1973. During the procedure, the barium solution extravasated into the peritoneal cavity, causing severe pain and requiring emergency surgery. Appellants filed a complaint on October 15, 1975, alleging, inter alia, negligence by the Hospital individually and acting through its agent, servant or employee in perforating Appellant Mary E. Connor's colon during the performance of the enema procedure. The complaint also alleged breach of implied warranties for failure to exercise the proper degree of care and skill.

On February 22, 1977, Appellants filed a pre-trial statement which included a report by Cyril H. Wecht, M.D., that Appellant Mary E. Connor had sustained a perforation of the colon and extravasation of barium, as a result of the barium enema. The case was called to trial on November 28, 1977, but counsel for Appellants was unable to proceed because their expert witness, Dr. Wecht, refused to testify, citing his lack of expertise in this area of medicine.[2] The case was struck from the issue list. On February 8, 1979, Appellants filed a Supplemental Pre-Trial Statement to which was attached the report of a different expert, Bernard Neff, M.D. The report stated that the extravasation was caused by perforation of the diverticulum, although Dr.

1. Pursuant to Appellants' Writ of Prohibition, the Order of the lower court dated March 5, 1980, vacating its Order of February 6, 1980, was stricken by the Superior Court on June 19, 1980, as in violation of Pa.R.A.P. 1701. Therefore, the Order of the lower court dated April 7, 1980 is a nullity.

2. A resolution of the Pennsylvania Medical Society provides for dismissal from the Society of any member who testifies for Plaintiffs in medical malpractice cases in matters outside their expertise.

Neff could not say with certainty whether the perforation occurred prior to or by means of the enema procedure.[3] The report also stated, inter alia, that there was undue delay both in diagnosis and performance of surgery to correct the barium extravasation.

A Motion to Amend Complaint to include an additional allegation of negligence pursuant to the Restatement of Torts, Section 323(a), was denied on November 9, 1979, without prejudice to Appellants' right to present the same to the trial judge. The case was called for trial on November 21, 1979. Prior to jury selection, Appellants presented another Motion to Amend Complaint, different from that denied on November 9, 1979, setting forth, inter alia, new and different allegations of negligence involving the Hospital's failure to recognize and treat the barium extravasation, based on the statement of their new expert witness. This Motion was denied by the trial judge.

The trial court agreed with both Appellants' and Appellee's counsel that without the amendment, the new expert witness testimony could not sustain the cause of action under the original complaint, because of the expert's opinion that there was no evidence that the barium enema tip caused perforation of the colon, as alleged in Appellants' original complaint. Appellants' counsel then declined to proceed with the trial and upon a discussion with Appellee and the court, agreed to submit the case on a case stated basis. Based on Appellants' counsel's failure to submit the case on this basis, Appellee filed a Motion for Summary Judgment which was granted and the complaint dismissed on February 6, 1980.

The appeal alleges that (1) it was error to deny Appellants' Motion to Amend Complaint, (2) the court erred in

3. The medical report of Dr. Neff, dated February 2, 1979, contained the following pertinent part: "THE EXTRAVASATION WAS DUE TO PERFORATION OF A DIVERTICULUM BUT I CANNOT SAY WITH CERTAINTY WHETHER THE DIVERTICULUM HAD PERFORATED PRIOR TO THE BARIUM ENEMA (PERFORATION MAY OCCUR AS A RESULT OF DIVERTICULITIS) OR DURING THE PROCEDURE." [capitals in original].

dismissing the complaint and (3) the court erred in striking its Order of February 6, 1980 and then placing the Motion for Summary Judgment on the court en banc argument list.[4]

██ It is clear that while amendments to pleadings are freely allowed under the Rules of Civil Procedure,[5] they are subject to the qualification that an amendment may not introduce a new cause of action after the statute of limitations has run. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981); *Kuisis v. Baldwin-Lima-Hamilton Corp*, 457 Pa. 321, 319 A.2d 914 (1974); *Junk v. East End Fire Department*, 262 Pa.Super.Ct. 473, 396 A.2d 1269 (1978). A primary reason for this rule is to prevent prejudice to the adverse party. *Junk, supra.*

The decision to grant or deny permission to amend is within the discretion of the trial court and we will reverse that decision only upon a showing of a clear abuse of discretion. *Geiman v. Board of Assessment and Revision of Taxes*, 412 Pa. 608, 614, 195 A.2d 352, 355–56 (1963).

A cause of action in negligence has been defined as the negligent act or acts which occasioned the injury for which relief is sought. *Cox v. Wilkes-Barre Railway Corporation*, 334 Pa. 568, 570, 6 A.2d 538, 539 (1939); *Martin v. Pittsburgh Railways Company*, 227 Pa. 18, 20, 75 A. 837, 837 (1910). A new cause of action does not exist if plaintiff's amendment merely adds to or amplifies the original complaint or if the original complaint states a cause of action showing that the plaintiff has a legal right to recover what is claimed in the subsequent complaint. *Wilson v. Howard Johnson Restaurant*, 421 Pa. 455, 460,

---

**4.** This third issue is now moot, as per the Order of the Superior Court dated June 19, 1980. See footnote 1.

**5.** Pa.R.C.P., Rule 1033 states:

Rule 1033. Amendment

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

219 A.2d 676, 678–79 (1966); *Arner v. Sokol,* 373 Pa. 587, 591, 96 A.2d 854, 855–56 (1953); 3 *Standard Pennsylvania Practice* 682. A new cause of action does arise, however, if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed. 2B Anderson *Pennsylvania Civil Practice,* §§ 1033.28 and 1033.31.

*Junk v. East End Fire Department, id.,* 262 Pa.Super. at 490–91, 396 A.2d at 1277.

The statute of limitations had expired by the time the amendments to the complaint in the instant case were submitted in November of 1979. It was not until February 8, 1979, that the Appellants filed their supplemental pre-trial statement which included their new expert's report. By this point in time, many of the depositions had already been taken, and a defense prepared on the allegations found in the original complaint. Although the second expert's report did not follow the theory of negligence advanced in the original complaint, namely negligence in perforating the colon, the mere receipt of the expert's report, alleging, inter alia, undue delay in performing surgery, would not have constituted notice to Appellee of either a change in Appellants' theory of the case or an intention by Appellants to seek to amend their complaint nine months later on the date of the trial. It is clear, therefore, that if the Motion to Amend Complaint amounted to a new cause of action being presented, then the lower court correctly refused the amendment, because Appellee would have been prejudiced in its attempt to defend against allegations of negligence not incorporated in the pleadings until the date of trial.

No comprehensive definition of "cause of action" has been adopted, but in a negligence action it has been defined as "the negligent act or acts which occasioned the injury." *Saracina v. Cotoia,* 417 Pa. 80, 85, 208 A.2d 764, 767 (1965).

Under the facts in the instant case, the second amendment proffered by Appellants sought to add new allegations of negligent acts by proceeding on a different theory. The

original complaint alleged, inter alia, the negligence of Appellee in *perforating* the sigmoid colon during the performance of the enema and causing the extravasation of the barium. Appellants' second Motion to Amend added, inter alia, the acts of (1) alleged improper diagnosis and appreciation of the extent of the extravasation and (2) failure to recommend and perform immediate surgery.

These amendments clearly involved new and different negligent acts neither contemplated by nor inferable from the original complaint; they deal with acts which occurred *after* the acts of negligence alleged in the original complaint. The alleged negligence in perforating the colon and the extravasation of the barium are distinct in theory from the alleged negligence of failing to properly *remedy* the extravasation and perform immediate corrective surgery. There is also clear prejudice to Appellee in permitting such an amendment on the date of trial and thereby requiring a different defense to be presented at trial.

Therefore, as no abuse of discretion by the trial court has been shown, there was no error in refusing the Motion to Amend.

█ Appellants' second allegation of error concerns the lower court's dismissal of the complaint pursuant to Appellee's Motion for Summary Judgment. Appellants had failed in their attempt to amend their complaint to conform the allegations to the prospective proof as discussed *supra.* Their original expert, Dr. Wecht, refused to testify. Appellants' new expert was unable to conclude that the perforation and extravasation of the barium amounted to negligence, but only that the remedial measures, taken after the extravasation, were done in a negligent manner. Therefore, Appellants had no expert testimony to prove the negligence asserted in their original complaint.

Counsel for Appellants therefore discussed the submission of the case on a case stated basis after advising the court that he did not wish to proceed with jury selection. In effect, counsel agreed that a non-suit was the only feasible

result at that point in time. Counsel for Appellants failed to prepare the necessary materials for submission of the case on a case stated basis and Appellee proceeded to file a Motion for Summary Judgment.

We find no error, as Appellee was entitled to judgment as a matter of law. Appellants argue that their former expert, Dr. Wecht, should be required to testify, if necessary. However, as Dr. Wecht refused to testify because he was not a qualified expert in the area of perforation of the colon during the barium enema procedure, he would not be competent to testify as an expert. *See Erschen v. Pennsylvania Independent Oil Co.*, 259 Pa.Super.Ct. 474, 393 A.2d 924 (1978). Therefore, as counsel for Appellants failed to submit the case on a case stated basis, and because there remained no issue as to any material fact that could have been proved by Appellants pursuant to their original complaint after denial of their Motion to Amend Complaint, the grant of Summary Judgment was proper.

The order dated February 6, 1980 is affirmed.

CIRILLO, J., files a dissenting opinion:

CIRILLO, Judge, dissenting.

I respectfully dissent.

Initially, the appellants contend on appeal that the court below erred in failing to allow them to file an amended complaint. In the case of *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981), our Supreme Court stated:

In general, amendments to pleadings are liberally allowed.[1] But,

[a]n amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant... However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should

1. See Pa.R.C.P. No. 1033.

be allowed even though the Statute of Limitations has already run. (citations omitted).

494 Pa. at 241, 431 A.2d at 239. *See also: Kuisis v. Baldwin-Lima Corp.*, 457 Pa. 321, 319 A.2d 914 (1974).

Pleadings serve the function of defining issues and giving notice to the opposing party of what the pleader intends to prove at trial so that the opposition may, in turn, prepare to meet such proof with its own evidence.[2] *Laursen v. General Hospital of Monroe County*, 259 Pa.Super. 150, 393 A.2d 761 (1978).

In the original complaint, the appellants alleged negligence in perforating the colon and in not using due care under the circumstances. In the amended complaint, the appellants sought to allege negligence in the undertaking to render services. The statute of limitations had expired by the time the amendments to the complaint were submitted.[3] However, the amended complaint submitted to Judge Silvestri did not set forth a new cause of action.

Despite the fact that the information available to the appellants at the outset of this suit was limited, they still were able to frame a cause of action in negligence against the hospital. Dr. Wecht was not able to testify due to circumstances beyond the control of the appellants, therefore, they had to secure Dr. Neff to testify as an expert. Dr. Neff had the benefit of more information than did Dr. Wecht, and was thus able to conclude, more definitely, that the physicians and the hospital were negligent in their care of Mrs. Connor. This allegation is merely an amplification of the original complaint which alleged negligence in failing

2. For the contents, as well as the general and specific averments of the Pleadings, see Pa.R.C.P. No. 1019.

3. The following actions and proceedings must be commenced within two years:

. . . . .

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

. . . . .

Act of July 9, 1976, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 5524.

to use due care under the circumstances, and is not the allegation of a new cause of action.[4]

Additionally, the matters alleged by the appellants in their amended complaint were part of a causally related chain of events which occurred on the same day, November 26, 1973, and at the same place, Allegheny General Hospital. The hospital had notice of these events from the very day of this incident and, therefore, was not prejudiced in its defense by the amended complaint. In my judgment, the lower court erred in refusing the appellants' Motion to Amend.

The appellants next contend that the court below erred in dismissing their complaint.

Judge Silvestri dismissed the complaint, presumably on the basis of the hospital's Motion for Summary Judgment. See *Keating v. Zemel*, 281 Pa.Super. 129, 421 A.2d 1181 (1980). Under the Pennsylvania Rules of Civil Procedure:

> [Summary Judgment] shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

Pa.R.C.P. No. 1035(b); 42 Pa.C.S.A.

In reviewing the testimony taken at the depositions, as well as the amended complaint which I feel the lower court should have allowed, I am compelled to view the facts as disputed and in issue. Therefore, summary judgment was not proper in this case and the lower court erred in dismissing the complaint. Accordingly, I would reverse the Orders of the court below and direct that the amendment to the

---

**4.** In the case of *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 169, 187, 346 A.2d 269, 278 (1975), the Supreme Court (per Mr. Justice Roberts) stated that "hypertechnicality and formalism in pleading are contrary to the modern practice of allowing free amendment in order to promote the resolution of cases on their merit."

complaint be granted. Thereafter, the case should proceed to trial.