## Strohl v. Yorko

*William E. Schantz,* for plaintiffs.
*Anthony J. Piazza, Jr.,* for defendant Yurko.
*Joseph C. Phillips,* for defendant Lowinic.
*Frederick J. Fanelli,* for defendant St. Joseph's Hospital.

DALESSANDRO, *J.,* February 7, 1984—

### NATURE OF PROCEEDINGS

This matter is before the court on the summary judgment motions of two of the three defendants.

### HISTORY AND FACTS

Plaintiffs, Harry S. Strohl, Jr., and Dorothy M. Strohl, husband and wife, instituted this malpractice action by notice complaint filed with the Arbitration Panels for Health Care on July 7, 1980. Defendants are George D. Yurko, D.O., Daniel Lovrinic, M.D., and St. Joseph's Hospital, Hazleton, Luzerne County, Pa. After the pleadings were closed the action was transferred to the Court of

Common Pleas of Luzerne County. Although various depositions have apparently been taken and documents exchanged, the only filings of record in the Office of the Prothonotary of Luzerne County, in addition to those transferred from the Arbitration Panels for Health Care, are three sets of interrogatories and answers, a request for production of documents and an answer, notices of depositions, and the summary judgment motions of Dr. Lovrinic and the hospital.

From the record, it appears that several apparently material facts are disputed. While that is ordinarily fatal to a request for summary judgment, it is not necessarily so here, where the principal issue presented is the sufficiency of the report of plaintiffs' expert witness. We will therefore simply summarize the allegations of the complaint. Plaintiffs aver that Harry Strohl was admitted to St. Joseph's Hospital in August, 1978 under the care of Dr. Yurko; that Strohl was a diabetic and was suffering from an infection of the right foot with possible osteomyelitis; that Dr. Lovrinic treated Strohl as an orthopedic specialist from August 29 to September 14, 1978; that during his stay in the hospital, Dr. Yurko ordered hot water bottle and lamp treatments for his right foot which treatments were administered by the hospital's staff; that he suffered burns to the right foot as a result of the aforesaid treatment; that Drs. Yurko and Lovrinic were agents, servants, or employees of St. Joseph's Hospital; that after his discharge from St. Joseph's Hospital, Strohl consulted other physicians and was admitted to an Allentown hospital where he underwent surgery for amputation of a portion of his right foot; that Dr. Yurko was negligent in prescribing the heat treatments; that Dr. Lovrinic was negligent in failing to order the discontinuance of the heat treatments;

and that St. Joseph's Hospital, through its agents, servants and employees, was negligent in administering the heat treatments.

## DISCUSSION AND LAW

The standards governing a motion for summary judgment have frequently been stated. Pa.R.C.P. 1035 provides that summary judgment may be rendered only if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party has the burden of demonstrating that there is no genuine issue of material fact, LeGrand v. Lincoln Lines, Inc., 253 Pa. Super. 19, 384 A.2d 955 (1978), and the record, viewed as a whole, must be examined in the light most advantageous to the non-moving party, Bowman v. Sears, Roebuck & Co., 245 Pa. Super. 530, 369 A.2d 754 (1976), with all doubts resolved in that party's favor, Hankin v. Mintz, 276 Pa. Super. 538, 419 A.2d 588 (1980). This drastic measure is appropriate only in the clearest of cases. Kotwasinski v. Rasner, 436 Pa. 32, 258 A.2d 865 (1969).

With these principles in mind, we turn first to Dr. Lovrinic's motion. Plaintffs' theory of liability with respect to Dr. Lovrinic is not related to the orthopedic consulting services which he rendered; indeed, plaintiffs' expert witness makes it clear in his report that he "would be hard pressed to criticize the treatment of the osteomyelitis." Report of Hugo C. J. Verbruggen, M.D., at page three. Rather, plaintiffs claim that Dr. Lovrinic was negligent in not terminating the heat treatments which Dr. Yurko had prescribed. As pleaded, this claim is based on individual, not joint or vicarious liability.

In briefing the issue of Dr. Lovrinic's negligence, plaintiffs and defendant cite no Pennsylvania cases in support of their respective positions although they have referred us to opinions from other jurisdictions. See, e.g., Scruggs v. Otteman, 640 P.2d 259 (Colo. App. 1981); Connell v. Hayden, 83 A.D.2d 30, 443 N.Y.S.2d 383 (1981). There are numerous Pennsylvania decisions describing in general a physician's duty to his patients, but we, too, have found none which analyze facts similar to those at bar.

After reviewing the applicable law, we are not prepared to conclude that there are no circumstances under which a consulting physician owes a duty to his patient with respect to the treatment by the attending physician. Depending upon factors such as the scope and extent of the consultation, the history and nature of the illness, and the potential harm threatened, a duty may exist in certain instances. Moreover, to focus upon labels such as "consulting" physician or "attending" physician, such as the parties have done here without sufficiently tailoring their arguments to the facts of record, is not particularly helpful in defining that duty.

Whatever the relationship between Mr. Strohl and Dr. Lovrinic however, and certain material facts about it are indeed in dispute, it is clear to us that even accepting plaintiffs' version of the events of August and September, 1978, Dr. Lovrinic's motion for summary judgment must be granted. If liability is to be imposed upon him, it can be done, in our view, only with the aid of appropriate expert testimony. In this regard we reject plaintiffs' contention that "the matter under consideration is so simple, and the lack of skill or want of care so obvious, as to be within the range of ordinary experience and

comprehension of even non-professional persons." Chandler v. Cook, 438 Pa. 447, 451, 265 A.2d 794, 796 (1970). As will be seen, plaintiffs have no expert testimony to offer against Dr. Lovrinic.

Through interrogatories, defendant requested plaintiffs to identify their expert witnesses and to provide the information discoverable pursuant to Pa.R.C.P. 4003.5. Plaintiffs complied by furnishing the report of Dr. Verbruggen, referred to above. While the report discusses in detail the onset of Mr. Strohl's foot problem, the treatment he received at St. Joseph's Hospital as prescribed by Dr. Yurko, and the subsequent partial amputation, Dr. Verbruggen does not recite any facts tending to show that Dr. Lovrinic was negligent, nor does he express an opinion, directly or by inference, that his conduct in any phase of this case fell below the applicable standard of medical care. That the report criticizes the application of heat to Mr. Strohl's foot is not sufficient, in our view, to serve as the foundation for a jury to impose liability upon Dr. Lovrinic.

When a summary judgment motion is made and supported as provided in Pa.R.C.P. 1035, the adverse party has an obligation to set forth specific facts showing that there is a genuine issue for trial. Plaintiffs, in the three and one-half years of litigation, have not sought leave to amend their complaint nor have they supplemented Dr. Verbruggen's 1981 report. We can only conclude that they have no case against this defendant. Under these circumstances, summary judgment is appropriate. Connor v. Allegheny General Hospital, 300 Pa. Super. 321, 446 A.2d 635 (1982), rev'd on other grounds 501 Pa. 306, 461 A.2d 600 (1983) (absent expert testimony where required, defendant entitled to judgment as a matter of law).

St. Joseph's Hospital's motion is another matter. Plaintiffs allege that the hospital is vicariously liable for the negligence of Drs. Yurko and Lovrinic and for the negligence of its own staff in administering the heat treatments. Our ruling on Dr. Lovrinic's motion, of course, disposes of any claim against the hospital based upon his conduct. We must therefore determine whether there exists a factual dispute as to the agency of Dr. Yurko and whether Dr. Verbruggen's report is sufficient to impose liability on the hospital.

The agency question need not detain us long. The pleadings clearly show a factual question about the nature of Dr. Yurko's relationship with the hospital. While the hospital may indeed prevail at trial on its claim that he was an independent contractor rather than an employee, it has not convinced us that the issue may properly be resolved at this stage of the proceedings.

While Dr. Verbruggen's report does not express an opinion or recite facts about the conduct of Dr. Lovrinic with respect to the heat treatments, we believe that his views on the quality of the medical care rendered by Dr. Yurko and the hospital's staff are sufficient to permit plaintiffs to survive the hospital's summary judgment motion. He concludes that applications of heat were inappropriate for the foot of a diabetic particularly where, as here, a heating pad used at home prior to Mr. Strohl's admission to the hospital had itself produced burns. He also explains the basis for his opinion and the damage which occurred. Even if Dr. Yurko at trial is found not to have been the hospital's agent, servant, or employee, there nevertheless exists an issue as to the administration of the heat treatments by the staff. For all the foregoing reasons, the hospital's motion must be denied.

## ORDER

It is hereby ordered as follows

(1) the summary judgment motion of Daniel Lovrinic, M.D., is granted, and

(2) the summary judgment motion of St. Joseph's Hospital is denied.