**Wagner v. Fritchley**

*Joanna Hamill Flum,* for plaintiff.
*Charles E. Wasilefski,* for defendant-Fritchley.
*S. Walter Foulkrod, III,* for defendant Roth.
*William F. Martson,* for defendant Carlisle Hospital.

SHEELY, *P.J.*, June 20, 1986—The matter before the court evolves out of a medical-malpractice action. Plaintiff alleges that he was under the care of Doctors Fritchley and Roth in the Carlisle Hospital from August 13, 1983 to September 9, 1983. Plaintiff further alleges that as. a result of complications which arose, he was transferred to Harrisburg Hospital for treatment of, inter alia, meningitis. The action was commenced with the filing of a praecipe on August 13, 1985. On October 11, 1985, a complaint was filed alleging that as a result of defendants' negligence plaintiff suffered injuries, "inter alia, left spastic hemuplegia." On November 12, 1985, defendant Fritchley filed preliminary objections to the following portions of plaintiff's complaint.

Paragraph 16 states:

"Defendants Drs. Fritchley and Litton failed properly to diagnose, treat, exercise due care and conform to the standards of reasonable and adequate medical and surgical treatment and care of plaintiff."

Paragraph 18 states in pertinent part:

"The negligent, reckless or otherwise tortious conduct of defendants consisted, inter alia, of the following:

"(a) failure promptly and properly to treat plaintiff;

• • •

"(h) failure properly to possess the adequate medical skills, knowledge, experience and tech-

niques in the proper treatment of plaintiff's condition;

"(i) failure properly to bring to bear such medical skills and knowledge as were then possessed in the treatment and care of plaintiff;

"(j) failure properly to conform to the accepted standards of medical practice and care in the diagnosis, care and treatment and medical management of plaintiff's condition;

"(k) failure properly to conform with reasonable standards of medical and/or hospital practice;

• • •

"(n) negligence and otherwise tortious conduct at law."

Defendant Fritchley relies on Connor v. Allegheny General Hospital, 501 Pa. 306, 461 A.2d 600 (1983), and alleges that the aforementioned portions of the complaint should be stricken pursuant to Pa.R.C.P. 1017(b)(2).

Connor was a medical-malpractice action where the original complaint contained several specific averments of negligence, alleging that defendant negligently perforated plaintiff's colon. This was followed by a general allegation that defendant was negligent "[i]n otherwise failing to use due care and caution under the circumstances." Id. at 308, 461 A.2d at 601. Because the statute of limitations had run, the trial court refused to allow plaintiff to amend her complaint to include allegations that defendant was negligent in failing to recognize and treat plaintiff's condition. The Superior Court agreed, holding that the attempted amendment constituted a new cause of action. Connor v. Allegheny General Hospital, 300 Pa. Super. 321, 446 A.2d 635, 638 (1982). The Supreme Court reversed this decision holding that:

"[A]ppellants' proposed amendment does, in fact, amplify one of the allegations of the original complaint. In their original complaint, appellants did not merely allege that the barium enema had been negligently performed. Rather, appellants also alleged that appellee . . . was negligent '[i]n otherwise failing to use due care and caution under the circumstances.' Appellants' proposed amendment simply specifies the other ways in which appellee was negligent in this case." Conner, 501 Pa. at 310, 461 A.2d at 602. The court in footnote number three added that "[i]f appellee did not know how it 'otherwise fail[ed] to use due care and caution under the circumstances,' it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of appellants' complaint." Id. at 311, 461 A.2d at 602. (Citations omitted.) Defendant is therefore procedurally correct in challenging the complaint by a motion to strike.

There have been several common pleas court decisions that have interpreted Connor. Plaintiff has directed us to Link v. Roberts, 19 Centre L.J. 24 (1984). The court in Link granted a motion to strike those portions of plaintiff's complaint that "refer to defendants' acts which are 'otherwise negligent.' " Id at 25. The court refused to strike other portions of the complaint despite the general nature of the averments. The court distinguished between averments that dealt with defendants' acts and averments that defined the standards of care that defendants would be held to. The court refused to strike the latter reasoning that they would not support the type of amendment allowed in Connor. Id. at 25.

In Hake v. Ashton, 69 Lanc. L.R. 395 (1985), a common pleas court again struck the "boiler plate"

allegations of negligence while allowing "general allegations" that defendant's care and treatment failed to comply with the requisite level of due care, "to remain in the complaint." The court added that the pleading need only be sufficiently specific as to allow defendant to prepare his defense. Id. at 397 (citing Commonwealth v. City of Jeanette, 9 Pa. Commw. 306, 308, 305 A.2d 774, 776 (1973). "Boiler plate" allegations of negligent conduct do not allow a defendant to prepare a defense and must therefore be stricken.

Winters v. Lonergan, 36 Cumb. L.J. 98 (1985), involved the same issue presented here. Judge Baley writing for this court stated:

"We interpret Connor to mean that a defendant should not, by virtue of 'boiler plate averments' be subject to defend against any conceivable theory of negligence. Accordingy, in Link, the court struck the general allegation that defendant was "otherwise negligent" but not the allegation that defendant failed to perform up to the proper standards. The allegations in paragraph 17 in the present case are more specific. The paragraph avers the failure to exercise reasonable care in the establishment and implementation of appropriate standards and procedures for diagnosis, treatment, follow-up and monitoring of patients with medical problems such as were present in this case. These allegations are similar to the allegations which the court allowed to stand in Link." Id. at 103.

With this as a background we turn to the complaint in the present case. Paragraph 16 merely states the applicable standard of care. It could not be the basis for the type of amendment allowed in Connor and therefore it will not be stricken.

Turning to paragraph 18, we deal first with subparagraph (n) that alleges "negligence and oth-

erwise tortious conduct at law." This is clearly a broad "boiler plate" allegation, and as such, it will be stricken. The inclusion of the words "or otherwise" in the first sentence of paragraph 18 can also be viewed as an attempt by plaintiff to broaden the scope of this action. It makes the paragraph too broad to allow defendant to prepare a defense and therefore the words "or otherwise" will be stricken from the first sentence of paragraph 18.

The remaining averments lettered (a), (h), (i), (j) and (k) deal with defendants' failure to conform with the proper medical and hospital standards. These types of averments will not be the basis for an amendment to the complaint after the statute of limitations has run. They merely inform defendants of the applicable standards of care. These allegations are similar to those allowed to remain in the complaint in Lonergan and Link. We believe that they are specific enough to allow defendants to prepare their case.

## ORDER OF COURT

And now, this June 20, 1986, it is ordered that:

(1) The words *or otherwise* are stricken from the first sentence of paragraph 18 of plaintiff's complaint.

(2) Subparagraph (n) of paragraph 18 is stricken.