LeRoy Fink, t/a Sylvania Tree & Pool Service, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ruth Reiter, Widow of Thomas A. Reiter, Respondents.

68

Argued March 2, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three. Reargued June 6, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*W. Hamlin Neely,* for appellant.

*David G. Welty,* with him *Ellwood D. Shimer,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, JR., July 31, 1978:

This case comes before us on appeal from a decision of the Workmen's Compensation Appeal Board (Board) which reversed the referee and awarded benefits to the appellee-widow on her fatal claim petition. It was argued before a panel of this Court in March of 1978 and was subsequently ordered to be argued before the Court en banc at this session. We affirm.

The decedent was employed by the appellant Le-Roy Fink, who ran a swimming pool cleaning service known as Sylvania Tree & Pool Service. On June 5, 1972, the decedent and a co-employee went to the home of a customer for the purpose of cleaning a swimming pool. They arrived at the home some time around 2:00 p.m. and began to drain the pool. The record does not disclose the decedent's condition at this time. The decedent's fellow employee then left the premises, with the decedent remaining alone. When the co-employee returned to the customer's home later that afternoon, he found the decedent lying face down beneath the water in the swimming pool. The autopsy report listed the immediate cause of death as drowning, due to acute alcoholic intoxication. A blood alcohol test performed on the decedent showed a blood alcohol content of .22 per cent. The autopsy disclosed no internal or external abnormalities, nor was there any evidence of external trauma. According to the decedent's widow, he was an excellent swimmer and had been in good health prior to the drowning.

The referee denied benefits, finding that the decedent had died by reason of drowning caused by acute alcoholic intoxication. On appeal to the Board, the

case was remanded because the referee had erroneously proceeded under Article II of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §41, which deals with damages by action at law, rather than proceeding under Article III of the Act, which deals with compensation cases. On remand, the referee republished his prior decision, adding only that decedent had died from his own misconduct which took him out of the scope and course of his employment. On appeal for the second time, the Board again remanded the case with instructions to the referee to proceed under Article III of the Act. In his third opinion the referee again denied benefits, but did make new findings of fact and conclusions of law. The rationale of the referee's decision was that the decedent's intoxication was a "superseding intervining (sic)'' cause which created "a missing link between the injury and the employment.'' The Board then reversed the referee, because the employer had not carried the burden of proving self-infliction or that decedent's intoxication was a violation of the law—more than a summary offense.

Section 201 of the Act, 77 P.S. §41, specifically prohibits an employee from collecting damages from his employer in an action at law if the employer carries the burden of demonstrating that the employee's injury was caused by his intoxication. We are in this case dealing with a compensation claim, however, and not an action at law. In such a case there is no specific prohibition against recovery due to intoxication. Section 301(a) of the Act, 77 P.S. §431, only prohibits compensation if the employer carries his burden of demonstrating that the injury or death is intentionally self-inflicted, or is caused by the employee's violation of law. *See Hopwood v. City of Pittsburgh,* 152 Pa. Superior Ct. 398, 33 A.2d 658 (1943). Neither of these

conditions is present in the instant case. There is no evidence that the drowning was intentionally self-inflicted, nor his intoxication which is a summary offense, a violation of the law as that phrase is issued in Section 301(a). *See Hopwood v. City of Pittsburgh, supra.* Furthermore, as the Board correctly points out Section 301(c)(1) of the Act, 77 P.S. §411(1), which defines the term injury, embraces all injuries arising in the course of employment other than those caused by the intentional acts of third persons because of reasons personal to the injured employee. That section, which also disregards the previous physical condition of the injured employee, encompasses the injury which in this case led to the decedent's death. *See Workmen's Compensation Appeal Board v. United States Steel Corp.,* 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977).

Accordingly, we will enter the following

ORDER

AND Now, July 31, 1978, the decision of the Workmen's Compensation Appeal Board, No. A-72129, dated February 28, 1977, is affirmed. It is directed that judgment be entered in favor of the appellee Ruth Reiter and against the appellant LeRoy Fink, t/a Sylvania Tree & Pool Service. Appellant and/or its insurance carrier are directed to pay claimant-widow Ruth Reiter compensation at the rate of $97.80 per week beginning June 6, 1972, and to continue until October 31, 1987, when her minor son, Thomas, reaches 18, and compensation is to be paid thereafter within the limitations of The Pennsylvania Workmen's Compensation Act, at the rate of $83.13 per week. Interest shall be paid on deferred installments as is provided for by the said Act. Appellant and/or its insurance carrier shall pay to the claimant-widow Ruth Reiter $882.00 as reimbursement for funeral expenses.

CONCURRING OPINION BY JUDGE MENCER:

The referee in this case found that the claimant's death was caused by his "acute alcoholic intoxication." I do not believe that an acutely intoxicated person can be considered to be "actually engaged" in the furtherance of the business or affairs of his employer. Nor do I believe that claimant's death was caused by the condition of the premises or the operation of his employer's business thereon. Rather, as the referee found, the proximate cause of the claimant's death was his intoxication. *See Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 338-40, 376 A.2d 271, 275-77 (1977) (BLATT, J., dissenting). Therefore, I do not believe that this claimant's death arose in the course of his employment within the meaning of Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411 (1). *See Anzese v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 256, 385 A.2d 625 (1978).

However, the issue as to whether or not claimant's death arose in the course of his employment is not before this Court. At the beginning of the hearing before the referee, the employer's attorney stipulated that "at all times . . . the decedent was in the course of his employment and furtherance of the business" of his employer. In light of this stipulation, and since I agree that Section 201 of the Act, 77 P.S. §41, is not by its terms applicable to a claim for compensation as opposed to an action at law, I concur in the award of benefits.

Judge BLATT joins in this opinion.