Abbotts Dairies and Its Insurer, American Mutual Liability Ins. Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Betty Yates, Respondents.

424

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Charles W. Craven*, with him, of counsel, *John J. Coffey* and *Marshall, Dennehey & Warner*, for Abbotts Dairies and its insurer American Mutual Liability Ins. Co.

*John H. Clark, Jr.*, for Betty M. Yates.

OPINION BY JUDGE BLATT, November 8, 1978:

Abbotts Dairies (Abbotts) and its insurer, Mutual Liability Insurance Co., appeal to this Court from an order of the Workmen's Compensation Appeal Board (Board), which reversed a referee's denial of compensation to Betty Yates (Claimant), the widow of Edward Yates (decedent).

The decedent was employed by Abbotts as a milkman for twenty-two years. On March 12, 1974, while driving his milk truck, he was fatally injured in a single-vehicle accident to which there were no eyewitnesses. The decedent's wife applied for death benefits under The Pennsylvania Workmen's Compensation Act.[1]

A hearing was held after which the referee made the following findings of fact in regard to the accident: it was dark, but the area was well lighted; the weather was clear; the road surface was dry and in good condition; the accident was not caused by any mechanical malfunction or physical obstruction; the alcoholic content of the decedent's blood was 0.14 percent; and the decedent was under the influence of alcohol and unfit to drive. The referee cited Section

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

1037 of the Vehicle Code, Act of April 29, 1959, P.L. 58, No. 32, which classifies driving while under the influence of intoxicating liquor as a misdemeanor, and Section 624.1 of the Vehicle Code,[2] which establishes a presumption that a person with 0.10 percent or greater alcohol content in his blood is under the influence of intoxicating liquor, concluding that the employee's voluntary intoxication here had caused the accident in which he died and was a complete defense to the claim for compensation benefits.

On appeal the Board rejected the finding of no physical obstruction as unsupported by competent evidence, but otherwise accepted the referee's findings. It disagreed, however, with the referee's legal conclusions and reversed his decision, holding that, although compensation is totally barred when the injury results from the employee's violation of law,[3] the employer here had not met its burden of showing that the death was caused by a violation of law by the decedent. The Board, therefore, granted benefits, and this appeal followed.

Our scope of review, as defined by Section 44 of the Administrative Agency Law,[4] is limited to a determination as to whether or not an error of law was committed, constitutional rights were violated, or findings of fact were unsupported by substantial evidence in the adjudication of the Board.

---

[2] Sections 1037 and 624.1 of the Vehicle Code were repealed by the Act of June 19, 1976, P.L. 162, effective July 1, 1977. Similar provisions can now be found at 75 Pa.C.S. §§3731 and 1547.

[3] See Section 301(a) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §431.

[4] Act of June 4, 1945, P.L. 1388, as amended, 71 P.S. §1710.1 et seq. Section 427 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §876.1 provides that this Court's scope of review in a workmen's compensation appeal is that defined in Section 44 of the Administrative Agency Law,

The Appellants argue (1) that the decedent's death was caused by his violation of law and (2) that he was not in the course of his employment when the accident occurred. Because it is dispositive of this case, we shall address only the first contention.

Section 301(a) of the Workmen's Compensation Act, 77 P.S. §431, provides "that no compensation shall be paid when the injury or death is intentionally self-inflicted, or is caused by the employe's violation of law, but the burden of proof of such fact shall be on the employer." It is generally understood that "violation of law" means the commission of a felony or a misdemeanor. *Hopwood v. City of Pittsburgh*, 152 Pa. Superior Ct. 398, 33 A.2d 658 (1943); *see Fink v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 67, 388 A.2d 1152 (1978). Section 1037 of the Vehicle Code, 75 P.S. §1037, in effect at the time of the decedent's accident, provided that driving while under the influence of intoxicating liquor constitutes a misdemeanor. Section 624.1 of the Vehicle Code, 75 P.S. §624.1, also in effect at the time of the accident, provided that a person with 0.10 percent or greater alcohol content in his or her blood is presumed to be under the influence of intoxicating liquor. Relying upon expert testimony at the hearing, the referee found that the decedent had 0.14 percent alcohol content in his blood at the time of the accident, and that he was intoxicated and incapable of driving without danger to himself, *i.e.*, driving under the influence of intoxicating liquor in violation of Section 1037 of the Vehicle Code, 75 P.S. §1037, and so was properly deemed guilty of a misdemeanor, a clear violation of law. As to whether or not this caused the accident in which the decedent lost his life, the referee concluded that the employer had met his burden of proving that the decedent's voluntary intoxication caused the accident, there having been evidence intro-

duced by the employer relating to the decedent's physical condition and to the mechanical condition of the truck as well as to the conditions of the weather and the road. That the accident might possibly have resulted from some other and unknown occurrence, as the claimant argues, would not preclude the referee's finding that the death was a result of the decedent's being under the influence of intoxicating liquor. And, while the burden of proving that an injury resulted from a violation of law is greater than a mere preponderance, *Kenny v. Thorton-Fuller Co.*, 190 Pa. Superior Ct. 552, 155 A.2d 220 (1959), it is not necessary to prove violation and causation beyond a reasonable doubt, *Skiba v. Nick Calvitti Coal Co.*, 153 Pa. Superior Ct. 628, 34 A.2d 921 (1944). We believe that the employer here met its burden of proof, and that the referee's decision was reasonable and supported by substantial evidence.[5]

Accordingly, we reverse the decision of the Workmen's Compensation Appeal Board.

## Order

AND Now, this 8th day of November, 1978, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed, and the decision of the referee denying compensation is reinstated.

---

[5] Claimant's reliance on *Hopwood v. City of Pittsburgh*, 152 Pa. Superior Ct. 398, 33 A.2d 658 (1943), is misplaced. The intoxicated employee in that case was in violation of an employer's rule and was, at most, guilty of a summary offense.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent. Section 301(a) of the Act, 77 P.S. §431, provides that "no compensation shall be paid when the injury or death . . . is *caused* by the em-

ployee's violation of law.'' In my judgment, the employer has not established that the violation here, even if present, caused the accident.

There is a presumption that the decedent was acting with due care at the time of the accident. *See Pritchard v. Malatesta,* 421 Pa. 11, 218 A.2d 753 (1966). In addition, it is well settled that the mere happening of an accident does not establish negligence nor raise an inference or presumption of negligence. *See Engle v. Spino,* 425 Pa. 254, 228 A.2d 745; *Fegely v. Costello,* 417 Pa. 448, 208 A.2d 243. Given these propositions, it is my view that the employer has not met his burden of showing that the employe's operation of the vehicle was the proximate cause of the accident.

The Board found that the referee's conclusion that decedent was intoxicated was not supported by the evidence. Further, the Board reasoned that such a finding, even if correct, was insufficient to warrant denial of benefits since the causal factor was absent. I would affirm the Board.