116 Pa. Commonwealth Ct. 51 (1988)
540 A.2d 1019
Elsie Brophy Elinsky, Widow of Albert J. Brophy, Deceased, Petitioner
v.
Workmen's Compensation Appeal Board (Gulf Research & Development Company), Respondents.
No. 3415 C.D. 1986.
Commonwealth Court of Pennsylvania.
Argued March 22, 1988.
May 6, 1988.
Argued March 22, 1988, before Judges MacPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.
*52 Leo P. Hajdukiewicz, for petitioner.
Edward K. Dixon, with him, Thomas C. Baumann, Herrington and Associates.
OPINION BY SENIOR JUDGE KALISH, May 6, 1988:
This is a petition to review an order of the Workmen's Compensation Appeal Board (Board) denying fatal claim benefits to Elsie Brophy Elinsky, widow of Albert J. Brophy, decedent. We reverse.
On October 12, 1977, Albert J. Brophy died in a fatal car accident on the Pennsylvania Turnpike. His widow, Elsie Brophy Elinsky, filed a fatal claim petition contending that the decedent sustained a work-related injury which resulted in his death.
At the time of his death, decedent had been employed by Gulf Research & Development Company (Gulf) for about twenty-one years. He was a senior project chemist and had presented a paper which he had prepared for a seminar that day. He had attended the seminar from early in the morning of October 12, 1977, until the end of the seminar, which was sometime after 5:00 p.m. The seminar was attended by the employees of Gulf.
A social hour followed the seminar from 6:00 p.m. to 7:00 p.m., during which both alcoholic and nonalcoholic drinks were supplied. After this, dinner was served. The record shows that decedent had been observed drinking an alcoholic beverage during the social hour. A witness who had been with the decedent and observed him during the evening shortly before the accident saw *53 nothing which would indicate that the decedent was intoxicated. Another witness, who was driving on the turnpike, stated that shortly before the accident he noticed the decedent's car coming close to his car, but then the decedent's car returned to its own lane of travel, and after it passed the witness' automobile, it returned to the right lane.
The referee found that decedent had worked about fourteen hours the day of the seminar. The referee also found that the blood sample that was taken from the decedent was not taken until approximately 12:20 a.m., almost two hours after the accident occurred, and that the actual testing did not take place until much later. The sample was determined to have a blood alcohol concentration of 297 milligrams of ethanol per desolator or.291 percent by weight.
Dr. Charles L. Winek, the chief toxicologist for the Allegheny County Coroner's office, testified for the employer. Dr. Winek testified that an individual with a blood alcohol reading of .291 percent is intoxicated and would be driving while under the influence of alcohol, but that if appearances showed otherwise, the test could be wrong.
The referee concluded that blood alcohol content raises only a presumption of intoxication and that the evidence that decedent was not intoxicated shortly before the accident is more credible than the blood sampling taken hours after the decedent's accident and death. Furthermore, the referee found that the accident was caused by decedent's ordinary negligence in failing to be attentive or in falling asleep at the wheel of his automobile after putting in a workday of some fourteen or fifteen hours.
The Board vacated the referee's findings of fact and conclusions of law, without taking additional evidence. The Board held that the evidence proved that the decedent *54 was guilty of driving while under the influence of alcohol and that the decedent's .291 percent blood alcohol level raises a presumption that he was under the influence of alcohol and unfit to drive.
In a workmen's compensation case, where no additional testimony is taken by the Board, questions of credibility are the sole province of the referee, and our scope of review is simply to see whether the referee's findings of fact are supported by substantial evidence and whether an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; Universal Cyclops Steel Corp. v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); Huddleson v. Workmen's Compensation Appeal Board (Dept. of Military Affairs), 83 Pa. Commonwealth Ct. 643, 478 A.2d 518 (1984).
In order to establish a right to compensation, the claimant's burden is to prove that the accident arises in the course of employment and is related thereto. Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(1).
Section 301(a) of the Act, 77 P.S. §431, provides that no compensation shall be paid when the injury is caused by the employee's violation of the law, but the burden of proof of such fact shall be on the employer.
Conclusions as to scope of employment present a question of law subject to review by this court. As such, this court may examine the record to determine if the evidence presented supports the conclusion that decedent was within the scope of his employment. The referee found as a fact that decedent was not intoxicated. There is substantial evidence to support that finding. Oakes v. Workmen's Compensation Appeal Board (Pa. Electric Co.), 79 Pa. Commonwealth Ct. 454, 469 A.2d 723 (1984). There is evidence in the record that the accident *55 was due to decedent's negligence rather than his driving while intoxicated. Although there was evidence from Dr. Winek that the decedent's blood alcohol count would indicate that the decedent was driving while intoxicated, Dr. Winek further stated that if appearances showed otherwise, the test could be wrong. The referee considered all of these factors, including the circumstances surrounding the accident. His conclusion is a rational and reasonable one.
A presumption is not to be used as evidence, but simply to allocate the respective responsibilities between the parties. It directs a party to come forward with evidence to meet the burden of proof. We agree with the referee that Gulf has not met its burden by a preponderance of the evidence.
Accordingly, we reverse.

ORDER
NOW, May 6, 1988, the order of the Workmen's Compensation Appeal Board, No. A-91655, dated October 24, 1986, is reversed, and the decision of the referee is reinstated.
Judge BARRY did not participate in the decision in this case.