550 A.2d 866

Ronald Lomax, Deceased, Edna Savage, Mother, Petitioner *v.* Workmen's Compensation Appeal Board (Leonard Mitchell and Trent Financial Corporation), Respondents.

Submitted on briefs June 1, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Joseph S. Bekelja,* with him, *Richard A. Jaffe, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer,* for petitioner.

*Daniel A. Miscavige,* for respondent, State Workmen's Insurance Fund.

OPINION BY SENIOR JUDGE NARICK, November 30, 1988:

Before us is an appeal by Edna Savage (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) denying benefits. We affirm.

Claimant is the mother of Decedent (Ronald Lomax) and was dependent upon her son for support. On or about July 31, 1980, Claimant filed a claim petition against Respondent Leonard Mitchell (Mitchell) and a second petition against Respondent Trent Financial Corporation alleging that Decedent died on March 7, 1980 as a result of his employment.

The referee made the following relevant findings of fact:

5. The decedent, at the time of his death, was employed by the defendant, Trent Financial Corporation, through their agent, Mitchell, as an 'overseer' at Moses' Bar which Mitchell, in turn, managed for defendant, Trent Financial Corporation.

6. Decedent's work duties for defendant at Moses' Bar included ordering supplies, performing odd jobs and tending bar.

7. Decedent was paid in cash, 'under the table' by Mitchell directly and no payroll records were kept with respect to the bar in which decedent worked, Moses' Bar.

8. On March 6, 1980, Mitchell, pursuant to his employment contract with Trent, went to Moses' Bar at 1600 South Street in Philadelphia, and closed the bar, taking the receipts and ordering everyone in the bar outside. Mitchell had been running the bar for Trent for several weeks since the previous owners had defaulted on their loan with Trent. Because he, himself, was overburdened with work and because he had received no receipts from the bar in which the decedent acted as an overseer, Mitchell decided to shut the bar down that night. Further, Lomax was angered by Mitchell's closing of aforesaid bar.

9. On March 7, 1980, the decedent employee,

Ronald Lomax, entered the bar known as Lenny's Blue Room which was owned and operated by Mitchell. Shortly after arriving at Lenny's Blue Room, Lomax encountered Mitchell. Lomax then ordered Mitchell into Mitchell's office and thereafter repeatedly punched Mitchell and at one point threatened to kill him. During the beating administered to Mitchell by Lomax, Mitchell was able to retrieve his gun from his desk drawer. Immediately thereafter Mitchell shot and killed Lomax.

The referee denied benefits concluding that Decedent's death was a result of a violation of law and Claimant appealed. The Board affirmed the referee and Claimant petitioned this Court for review.

Claimant contends on appeal that the referee's conclusion that Decedent's death was the result of his violation of law is not supported by substantial evidence and constituted an error of law. Specifically, Claimant asserts that there is no evidence that Decedent's actions constituted a felony or a misdemeanor and that if anything Decedent's conduct was no more than a summary offense.

Initially we note that our scope of review in workmen's compensation cases is confined to a determination of whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Co.)*, 115 Pa. Commonwealth Ct. 203, 539 A.2d 933 (1988).

Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §431 provides in part:

> Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence, . . . *Provided, That no compensation shall be paid when the injury or death is intentionally self-inflicted, or is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer* . . . (Emphasis added.)

This violation of law is understood to mean the commission of a felony or misdemeanor. *Abbotts Dairies v. Workmen's Compensation Appeal Board (Yates),* 38 Pa. Commonwealth Ct. 423, 393 A.2d 517 (1978). The burden of proving that an injury resulted from a violation of law is greater than a mere preponderance but it is not necessary to prove violation and causation beyond a reasonable doubt. *Id.*

This Court based upon its thorough examination of the entire record herein is satisfied that the referee's findings are supported by substantial evidence. Furthermore, we believe this matter is distinguishable from *Haas v. Brotherhood of Transportation Workers,* 158 Pa. Superior Ct. 291, 44 A.2d 776 (1945) relied upon by Claimant. In *Haas,* the decedent employee was shot and killed by Edward Hunt. In affirming the award of benefits, the *Haas* court noted that although the decedent and Hunt may have been quarreling, the decedent's actions against Hunt, if any, had been completed at the time the decedent was shot, that Hunt shot the decedent in the back before he could get out of the room, and that Hunt did *not* shoot in self-defense. In the matter herein, the record reveals Decedent was the aggressor, that he threatened to kill Mitchell, and that *during* the beating being administered to Mitchell by

Decedent, Mitchell was able to retrieve a gun from his desk drawer and shoot Decedent, unfortunately killing him.[1] Thus, the beating initiated by Lomax was at least a simple assault. *See* 18 Pa. C. S. §2701.[2]

Accordingly, the referee's decision herein is supported by substantial evidence and in accordance with the law. The order of the Board is affirmed.

ORDER

AND NOW, this 30th day of November, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[1] Mitchell testified before the referee that he was acquitted of the criminal charges filed against him regarding the death of Decedent.

[2] In 18 Pa. C. S. §2701 simple assault is defined as follows:
A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.