579 A.2d 1013

**BURGER KING, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BOYD), Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided Aug. 29, 1990.

548

Paul V. Tatlow, Dunn, Haase, Sullivan, Mallon & Cherner, Media, for petitioner.

David A. Pennington, with him, Charles S. Katz, Jr., Swartz, Campbell & Detweiler, Philadelphia, for respondent, Albert Paul Boyd.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Burger King (Employer) has filed a petition for review from an order of the Workmen's Compensation Appeal Board (Board), dated March 15, 1989, affirming the referee's decision to grant disability and disfigurement benefits to Albert Paul Boyd (Claimant). We reverse.

On July 18, 1984, Claimant was employed as a vacation relief manager for Employer. He sustained injuries during the course of his employment when he was involved in an automobile accident while transporting a supply of manager shirts from one Burger King store to another. On November 1, 1984, Claimant filed a claim seeking Workmen's Compensation benefits. Employer filed an answer averring that Claimant was not entitled to benefits because his violation of the law caused the accident and, in turn, his injuries. By a decision dated November 26, 1987, the ref-

eree granted disability and disfigurement benefits to Claimant. Employer appealed to the Board which affirmed the referee. Employer then filed the present petition for review with this Court.

At the July 17, 1985 hearing before the referee, Claimant testified that he was traveling northbound on Route 352 behind a slow-moving tractor-trailer which he tried to pass on several occasions without success. It was drizzling rain and the roadway was wet. Both Claimant and the tractor-trailer stopped for a red traffic signal at the intersection of Route 3. When the signal turned green, Claimant passed the tractor-trailer by using a right-hand turn lane, which extends from Route 3 to Manley Road. Just before the right-hand turn lane came to an end, Claimant quickly moved into the northbound lane of Route 352, directly in front of the tractor-trailer. Claimant lost control of his vehicle. The next thing he remembers is awakening in Paoli Memorial Hospital.

Claimant's vehicle had crossed over into the southbound lane and collided with another vehicle killing all three of its occupants. At the time of the accident, Kenneth E. Balentine was traveling directly behind the tractor-trailer and is the only eyewitness. Mr. Balentine testified that he had been traveling behind Claimant before Claimant passed the tractor-trailer. Mr. Balentine further testified that, after it passed the tractor-trailer, Claimant's vehicle momentarily disappeared from his view and reappeared when it briefly entered the southbound lane. Claimant's vehicle then disappeared again until it fish-tailed into the southbound lane, colliding with the oncoming vehicle and killing its occupants.

Criminal charges were filed against Claimant in the Chester County Court of Common Pleas. The referee found that Claimant pled guilty to the summary offense of meeting a vehicle proceeding in the opposite direction as well as to three counts of involuntary manslaughter, a misdemeanor offense. Claimant has been sentenced on these charges.

The criminal complaint and Claimant's signed guilty pleas were entered into evidence before the referee.

The referee concluded that the collision and resulting injuries to Claimant were not caused by any act of Claimant which constituted a violation of the law under The Pennsylvania Workmen's Compensation Act [1] (Act). Therefore, the referee awarded benefits to Claimant, and the Board affirmed, agreeing that no "violation of law" caused Claimant's injuries.

 Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or the necessary findings of fact are not supported by substantial evidence. Administrative Agency Law, 2 Pa. C.S. § 704; *Mackintosh Hemphill v. Workmen's Compensation Appeal Board (Banicki)*, 116 Pa. Commonwealth Ct. 401, 541 A.2d 1176 (1988). We are here presented with the legal question of whether a summary offense, when it is a necessary element and directly results in the commission of a misdemeanor, may constitute a violation of law under the Act. Specifically, we are to determine if the referee made an error of law by concluding that Claimant's commission of the summary offense of meeting a vehicle proceeding in the opposite direction was not a "violation of law" that caused his injuries.

The Act, 77 P.S. § 431, provides that no compensation shall be paid when the injury to an employee is caused by his own violation of the law. It would not be inconsistent with the prior decisions of this Court for us to rule that, under certain circumstances, a summary offense can constitute a violation of the law under the Act. In *Hopwood v. City of Pittsburgh*, 152 Pa. Superior Ct. 398, 403, 33 A.2d 658, 660 (1943), our Superior Court held that a violation of law under the Act means, "in general," a felony or a misdemeanor. Subsequent decisions by this Court have cited *Hopwood* when making such statements as: "It is *generally* understood that 'violation of law' means the

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 et seq.

commission of a felony or a misdemeanor." *Abbotts Dairies v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 423, 427, 393 A.2d 517, 518 (1978) (emphasis added); *see Fink v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 67, 388 A.2d 1152 (1978); *Hemer v. Workmen's Compensation Appeal Board (Phillis and Miller Express, Inc.)*, 71 Pa.Commonwealth Ct. 174, 454 A.2d 225 (1983). When we have not cited *Hopwood* to support this legal proposition, we have cited *Abbotts Dairies*, sometimes omitting the decision's "general" language and boldly stating that a "violation of law is understood to mean the commission of a felony or misdemeanor." *Lomax v. Workmen's Compensation Appeal Board (Mitchell)*, 121 Pa.Commonwealth Ct. 371, 375, 550 A.2d 866, 867 (1988). Nevertheless, the use of the phrases "in general" or "generally" when referring to this legal question is extensive throughout our decisions. We have never expressly excluded all summary offenses, but, instead, have left open the possibility that, under certain circumstances, something less than a felony or misdemeanor may be deemed a "violation of law."

Moreover, our Supreme Court has recently allowed the inclusion of certain summary offense convictions into civil proceedings, where previously only felony and misdemeanor convictions could be introduced at trial. In *Folino v. Young*, 523 Pa. 532, 568 A.2d 171 (1990), a civil action was filed against a driver for damages arising out of an automobile collision. Howard Young (Young) was operating a vehicle travelling in a southerly direction when he crossed over into the northbound lane while negotiating a left-hand curve. As a result of the cross over, Young collided with a northbound vehicle, killing a passenger in that vehicle. Young was charged and found guilty, by a jury, of driving at an unsafe speed, a summary offense, and the non-summary offense of homicide by vehicle.

A civil action was subsequently instituted in which it was alleged that Young was traveling too fast for present weather conditions. Young filed a motion in limine to

exclude any evidence of his motor vehicle code convictions, which was granted by the trial court. A jury returned a verdict in Young's favor, finding he was not negligent.

On appeal, the Superior Court reversed and remanded for a new trial directing the entry of a verdict against Young on the issue of his negligence. In remanding, the Superior Court reasoned that since Young's conviction for driving at an unsafe speed formed the basis for his vehicular homicide conviction, it should be included as conclusive proof of his negligence.

In an opinion by Justice McDermott, the Supreme Court affirmed the Superior Court and determined that Young's summary offense conviction was conclusive on the issue of Young's negligence in the subsequent civil proceeding because the summary offense was a necessary operative fact in Young's conviction for vehicular homicide.

Thus, the Court created an exception to its previous ruling in *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied*, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), which had allowed only felony and misdemeanor convictions to be introduced as conclusive evidence at a subsequent civil proceeding. When the exception applies, it gives to summary convictions a level of legal significance previously reserved for felonies and misdemeanors.

Although both *Hurtt* and *Folino* dealt with civil proceedings, the same reasoning applies to proceedings before an administrative agency, as the same search for the truth is involved. Hence, when a summary offense conviction is a necessary element of a felony or misdemeanor conviction it can be introduced at administrative hearings as conclusive evidence and should be given the same level of legal significance as the more serious crime. Therefore, in such cases involving workmen's compensation, if the non-summary conviction involved can be deemed a "violation of law," the summary offense is also a "violation of law" under the Act.

In the case before us, Claimant pled guilty to and was convicted of three counts of involuntary manslaughter. To be guilty of involuntary manslaughter, the defendant must directly cause the death of another by acting unlawfully, and his conduct must also be reckless, careless, or wanton. *Commonwealth v. Sisca*, 245 Pa.Superior Ct. 125, 369 A.2d 325 (1976). Here, Claimant's unlawful and reckless conduct, which caused the deaths of three people, was his violation of the summary offense of meeting a vehicle proceeding in the opposite direction. Specifically, Claimant's guilty plea to that offense established that he, "upon roadways having width for not more than one line of traffic in each direction, ... (failed) to give to the other (driver) at least one-half of the main-traveled portion of the roadway as nearly as possible." Vehicle Code, 75 Pa. C.S. § 3302. This unlawful violation of the vehicle code, though a summary offense, was a necessary operative fact in Claimant's three involuntary manslaughter convictions.

Furthermore, the referee accepted into evidence Claimant's signed guilty plea concerning this summary offense. As such, the plea and conviction are conclusive evidence of Claimant's unlawful and reckless conduct. Since without this summary offense Claimant could never have been guilty of the misdemeanor convictions, which are "violations of law," Claimant's commission of the summary offense is also a "violation of law" under the Act.

Employer has the burden of proving, by more than a mere preponderance of evidence, that Claimant's injuries resulted from his violation of the law. *Lomax*, 121 Pa.Commonwealth Ct. at 375, 550 A.2d at 868. In other words, the commission of a "violation of law" will not preclude payment of compensation benefits unless the employer establishes a causal connection between that offense and the employee's injuries. *Kovalchick Salvage Co. v. Workmen's Compensation Appeal Board (St. Clair)*, 102 Pa. Commonwealth Ct. 562, 519 A.2d 543 (1986). In the instant case, Employer has clearly met its burden.

■ The referee found, and substantial evidence supports the finding, that "Claimant's motor vehicle colleded (sic) with another vehicle which was southbound on Rt. 352. Claimant's vehicle was at the time partially in the southbound lane so that the point of impact was in the southbound lane of Rt. 352 and 'over the line' where claimant's vehicle should not have been."[2] The injuries Claimant sustained in the accident, for which he now seeks compensation, would not have occurred were it not for the fact that he was travelling on the wrong side of the road and failed to give the driver of the southbound vehicle one-half of the roadway. That is, Claimant would not have been injured but for his "violation of law." Therefore, Claimant's conduct falls squarely within the parameters of § 301(a) of the Act which precludes recovery under such circumstances.

The referee committed an error of law when he concluded that Claimant's injuries were not caused by any action of Claimant which constituted a violation of law under the Act. The Board compounded this error by affirming. We, therefore, reverse the order of the Board awarding disability and disfigurement benefits.

### ORDER

AND NOW, this 29th day of August, 1990, the Order of the Workmen's Compensation Appeal Board, dated March 15, 1989, granting disability and disfigurement benefits to Albert P. Boyd is reversed.

McGINLEY, Judge, dissenting.

I respectfully dissent. The majority's holding that something less than a felony or misdemeanor may constitute a violation of the law within the meaning of the Act creates uncertainty in the law and increases the potential for litigation. I would hold that the commission of a summary offense does not constitute a violation of the law within the meaning of the Act. Accordingly, I would determine

2. Decision of Referee Fred J. Troilo, dated October 26, 1987, Finding of Fact No. 7 at 2.

whether Claimant's commission of the three misdemeanor offenses caused his injuries.

Employer has the burden of proving, by more than a mere preponderance of evidence, that Claimant's injuries resulted from his violation of the law. Lomax v. Workmen's Compensation Appeal Board (Mitchell), 121 Pa.Commonwealth Ct. 371, 375, 550 A.2d 866, 868 (1988). In other words, the commission of a misdemeanor offense will not preclude payment of compensation benefits unless the employer establishes a causal connection between that offense and the employee's injuries. *Kovalchick v. Workmen's Compensation Appeal Board (Williams)*, 102 Pa. Commonwealth Ct. 562, 519 A.2d 543 (1986) (death benefits awarded to estate of employee who died in automobile accident with .26% blood alcohol content because employer failed to prove that degree of intoxication caused death); *Oakes v. Workmen's Compensation Appeal Board (Pennsylvania Electric Co.)*, 79 Pa.Commonwealth Ct. 454, 469 A.2d 723 (1984) (death benefits paid to estate of employee involved in fatal accident while operating company vehicle under influence of alcohol because evidence showed that employee would have struck pedestrian had he swerved to avoid collision). Employer herein has not met its burden.

Employer argues that Claimant's actions in operating his vehicle which led to his guilty pleas constitute violations of the law within the meaning of the Act. By pleading guilty to the misdemeanors, Claimant admitted that, while operating his vehicle in a reckless or grossly negligent manner, he caused three tragic deaths. I believe that the majority blurs the distinction between cause and effect. Claimant's violation of the Vehicle Code, a summary offense, was the operative conduct. Even though Claimant was reckless or grossly negligent, he was clearly injured in the course of his employment and should receive compensation benefits. I would therefore affirm the order of the Board.