**ROX COAL COMPANY, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (SNIZASKI), Respondent. (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 2000.

Decided Feb. 2, 2001.

Michael A. Cohen, Pittsburgh, for petitioner.

Fred C. Jug, Jr., Pittsburgh, for respondent.

Before McGINLEY, Judge, FRIEDMAN, Judge and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Rox Coal Company (Employer) petitions for review of the October 21, 1999 order of the Workers' Compensation Appeal Board (WCAB) that reversed a workers' compensation judge's (WCJ) decision denying fatal claim benefits to Renee Snizaski (Claimant) under the provisions of the Pennsylvania Workers' Compensation Act (Act) [1]. Employer also appeals from the

1. Act of June 2, 1915, P.L. 736, *as amended,*  77 P.S. §§ 1–1041.4, 2501–2626.

WCAB's June 13, 2000 order denying Employer's petition for reconsideration.[2] For the reasons stated herein, we affirm both orders.

Claimant is the widow of Randy Snizaski (Decedent), who worked as a coal mine superintendent for Employer. Decedent was killed in a one-car accident on the morning of May 7, 1996, while driving to work in a vehicle provided to him by Employer. (WCJ's Findings of Fact, Nos. 6a–6d.) The issue presented is whether the WCAB erred in concluding that Claimant was entitled to benefits because Decedent was within the course of his employment at the time of his fatal accident.

■ As a general rule, known commonly as the "going and coming rule," an injury sustained by an employee traveling to or from his place of work does not occur in the course of employment and, thus, is not compensable under the Act, unless at least one of the following exceptions is shown to exist: (1) the employee's employment contract included transportation to and from work; (2) the employee has no fixed place of work; (3) the employee is on a special assignment for the employer; or (4) special circumstances are such that the employee was furthering the business of the employer. *Biddle v. Workmen's Compensation Appeal Board (Thomas Mekis & Sons, Inc.)*, 539 Pa. 343, 652 A.2d 807 (1995); *City of Philadelphia v. Workers' Compensation Appeal Board (Stewart)*, 728 A.2d 431 (Pa.Cmwlth.1999); *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa. Cmwlth. 596, 464 A.2d 675 (1983).

On July 1, 1996, Claimant filed a fatal claim petition, on behalf of herself and her four minor children, in which she alleged entitlement to workers' compensation benefits under exceptions one and four, stating "Decedent had a Contract of Employment which includes, transportation to and from work which is an exclusion to the Going and Coming Rule. There are also special circumstances."[3] (R.R. at 307.) Employer filed an answer denying Claimant's allegations, and hearings were held before the WCJ.

At the first hearing, Employer asserted an affirmative defense, contending that Claimant was ineligible for benefits under section 301(a) of the Act because Decedent's death resulted from his violation of law,[4] specifically, speeding, failure to control the vehicle and operating outside the lanes of the roadway. (WCJ's Findings of

---

2. In its October 21, 1999 order, the WCAB reversed the WCJ's denial of Claimant's fatal claim petition and remanded the case to the WCJ for the calculation of Claimant's benefits. However, in its June 13, 2000 order denying Employer's petition for reconsideration, the WCAB included its own determination of benefits due; specifically, the WCAB ordered Employer to pay Claimant and her dependent, minor children at the compensation rate of $527.00 for the period from May 7, 1996 and continuing, with periodic adjustments as the children reach eighteen years of age, unless enrolled in a full-time college accredited program.

3. Explaining these special circumstances, Claimant alleged "that Decedent's employment required him to work all hours of day and night and he was in furtherance of his employment at [the] time." (R.R. at 308.)

4. Section 301(a) of the Act provides in relevant part:

> Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence, . . . Provided, That *no compensation shall be paid when the injury or death* is intentionally self-inflicted, or *is caused by the employe's violation of law*, but the burden of proof of such fact shall be on the employer(4)27

77 P.S. § 431. (Emphasis added.) The burden of proving that an injury resulted from a violation of law, thereby disqualifying a claimant from recovering workers' compensation, is greater than a mere preponderance, but it is not necessary to prove violation and causation beyond a reasonable doubt. *Lomax v. Workmen's Compensation Appeal Board (Mitchell)*, 121 Pa.Cmwlth. 371, 550 A.2d 866 (1988).

Fact, No. 3.) As support for this defense, Employer relied on the police accident report, offered into evidence by Claimant, which referred to Decedent's various violations of the Vehicle Code.[5] (*See* R.R. at 209–15.) Subsequently, by letter dated June 17, 1997, Employer raised a second affirmative defense, claiming that Decedent's death was due to a violation of company policy or order regarding the use of company vehicles. (WCJ's Findings of Fact, No. 4; *see* R.R. at 207–08.)

In her decision, the WCJ set forth five issues necessary for resolution of the matter: the first four issues represented each of the four exceptions to the going and coming rule, and the final issue represented Employer's affirmative defenses.[6] The WCJ then considered each of these issues and, based on the credible record evidence, concluded that:

1. The [D]ecedent, based on the record as a whole, was not a traveling employee as the [D]ecedent had a fixed place of employment.

2. The [D]ecedent, based on the record as a whole, was not on a special assignment when the fatal motor vehicle accident occurred.

3. No special circumstances, based on the record as a whole, existed at the time of the fatal accident to establish that the [D]ecedent was furthering the business of the [E]mployer.

4. The [D]ecedent's employment contract, based on the record as a whole, did include transportation to and from work.

5. The [D]ecedent's death, based on the record as a whole, occurred as a result of the [D]ecedent's violation of law and the defendant/[E]mployer's company policy. Therefore, the defendants are not liable for compensation benefits [77 P.S. § 431; *Nevin Trucking v. Workmen's . Compensation Appeal Board*, 667 A.2d 262 (Pa.Cmwlth.1995) ]. Issuance of a citation is not required to establish a violation of law had occurred. [*Ogden v. Workmen's Compensation Appeal Board*, 127 Pa.Cmwlth. 286, 561 A.2d 837 (1989) ].

(WCJ's Conclusions of Law, Nos. 1–5.) On this basis, the WCJ denied Claimant's fatal claim petition. Claimant appealed to the WCAB, which reversed.

In doing so, the WCAB initially determined that Decedent's fatal injury fell within the first ("employment contract") exception to the going and coming rule because, as properly determined by the WCJ in her Conclusions of Law, No. 4, Decedent's employment contract included transportation to and from work.[7] (WCAB's October 21, 1999 op. at 5, Appendix to Employer's brief at 13a.) The WCAB then held that the WCJ's Conclusions of Law, No. 5, i.e., that Employer was not liable for benefits because Dece-

---

5. Although the police accident report does not list the specific sections of the Vehicle Code that Decedent violated, we note the report refers to the following summary offenses: (1) careless driving, (section 3714); (2) driving at an unsafe speed, (section 3361); (3) driving on the wrong side of the road, (section 3301); and (4) failure to use a restraint system, (section 4581). *See* 75 Pa.C.S. §§ 3714, 3361, 3301, and 4581.

6. The issues as determined by the WCJ were whether:

   a. the [D]ecedent's contract included transportation to and from work,
   b. the [D]ecedent was a traveling employee,

   c. the [D]ecedent was on a special assignment for the defendant/[E]mployer at the time of the accident,
   d. the accident occurred while the [D]ecedent was furthering the defendant/[E]mployer's business, and
   e. the accident occurred as a result of the [D]ecedent's violation of the law and/or company policies.
(WCJ's Findings of Fact, Nos. 7a–7e.)

7. Because it established that the "employment contract" exception was applicable, the WCAB did not address Claimant's argument that the WCJ erred in determining that neither the "special mission" nor "special circumstances" exception applied. (WCAB's October 21, 1999 op. at 5, Appendix to Employer's brief at 13a.)

dent's death occurred as a result of his violation of law and company policy, was unsupported by the evidence and erroneous as a matter of law.[8] (WCAB's October 21, 1999 op. at 8, Appendix to Employer's brief at 16a.) Accordingly, the WCAB reversed the WCJ and remanded for a calculation and award of benefits.

Employer filed an appeal to this court as well as a petition for reconsideration with the WCAB, arguing: (1) that the 1993 amendments to section 301(c)(1) of the Act, 77 P.S. § 411(1), eliminated the employment contract exception to the going and coming rule; and (2) that the WCJ acted properly in relying on the police accident report to support a violation of law for purposes of section 301(a) of the Act, 77 P.S. § 431.

In considering the petition for reconsideration,[9] the WCAB first reaffirmed its position that Claimant was not disqualified from receiving benefits due to Decedent's violation of law or Employer policy.[10] Then, with respect to Employer's argument concerning the 1993 amendments to the Act, the WCAB stated,

> we acknowledge that the Act was properly amended in 1993. We also agree that said subsection, in effect, eliminates

the fourth [sic] exception to the coming and going rule, namely *the provision of transportation under a contract of employment.* However, because the issue was not raised before the WCJ and not cross or protectively appealed by [Employer] to this Board, we consider this issue waved [sic].

(WCAB's June 13, 2000 op. at 9, Appendix to Employer's brief at 28a.) (Emphasis in original.) Having disposed of the employment contract exception in this fashion, the WCAB then went on to consider the issue of whether Claimant demonstrated the existence of the "special circumstances" exception to the going and coming rule, an issue raised by Claimant in her initial appeal but not addressed by the WCAB in its October 21, 1999 decision. Based on Decedent's need to be constantly available to respond to Employer's emergencies, the WCAB concluded that Claimant satisfied her burden of proving that Decedent's travel to and from work in a company vehicle constituted special circumstances. Accordingly, although professing awareness of "the legislature's 1993 amendment in which the provision of transportation in a contract of employment no longer serves as an exception to the going and coming rule," (WCAB's June 13, 2000 op. at 12,

---

8. The WCAB advanced two separate bases for this holding. First, relying on *Burger King v. Workers' Compensation Appeal Board (Boyd)*, 134 Pa.Cmwlth. 547, 579 A.2d 1013 (1990), the WCAB noted that "violation of law" under section 301(a) of the Act has been interpreted to mean the commission of a felony or misdemeanor, and a summary offense can be considered a "violation of law" *only* in circumstances where it is a necessary element of a felony or misdemeanor conviction. Thus, the WCAB concluded that the summary offenses referred to in the police accident report did not constitute "violations of law" for purposes of section 301(a) of the Act. (WCAB's October 21, 1999 op. at 6–7, Appendix to Employer's brief at 14a–15a.) Second, the WCAB held that, because the police accident report was uncorroborated hearsay evidence, it could not support the WCJ's finding with respect to Decedent's alleged driving violations or company policy violations. *See Holland v. Zelnick*, 329 Pa.Super. 469, 478 A.2d 885 (1984) (citing *Johnson v. Peoples Cab Co.*, 386

Pa. 513, 126 A.2d 720 (1956)); *Gallick v. Workers' Compensation Appeal Board (Department of Environmental Resources)*, 108 Pa. Cmwlth. 617, 530 A.2d 945 (1987).

9. The appeal to this court was stayed pending resolution of Employer's petition for reconsideration.

10. The WCAB reasserted its interpretation of *Burger King* as standing for the proposition that a summary offense cannot constitute a violation of law *unless* the summary offense conviction is a necessary element of a felony or misdemeanor conviction. Thus, the WCAB concluded that the police accident report could not constitute substantial, competent evidence to demonstrate a violation of law or company policy under the Act. The WCAB also maintained its ruling that the police accident report constitutes hearsay and, as such, could not provide competent evidence to establish Employer's affirmative defenses.

Appendix to Employer's brief at 31a), the WCAB continued to hold that Decedent was killed in the course of his employment. Thus, the WCAB denied Employer's petition for reconsideration. The matter is now before this court on appeal.[11]

On appeal, Employer first argues that the WCAB erred in concluding that Employer waived its right to argue the effect of the 1993 amendments to the Act.[12] However, we will not address this procedural issue, choosing instead to take this opportunity to dispel any doubt as to the continued validity of the employment contract exception to the going and coming rule.[13]

█ In support of its position that the employment contract exception has been eliminated, Employer points to language that, in 1993, the legislature inserted into section 301(c)(1) of the Act. According to Employer, four exceptions to the going and coming rule existed before 1993, but, in that year, the legislature amended section 301(c)(1) to specifically state that the course of employment *not* "include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury." 77 P.S. § 411(1). Employer asserts that "[t]he only way to give meaning to the 1993 amendment is to realize that the legislature spoke for the first time about the going and coming rule, and it said that an injury in an employer-provided vehicle does not necessarily mean that the claimant was in the course of employment at the time of injury, i.e., a presumption does not exist and the burden does not shift to the employer *unless* the claimant proves he was otherwise in the course of employment." (Employer's brief at 12–13) (emphasis in original).

Although Employer would have us interpret the phrase inserted into section 301(c)(1) as eliminating the employment contract exception to the going and coming rule, and notwithstanding the WCAB's apparent acceptance of Employer's argument, we soundly reject Employer's position.

The interpretation urged by Employer clearly is premised on the assumption that an employee injured while merely driving an employer-provided vehicle is in a position identical to that of an employee injured while driving an employer-provided vehicle *under an employment contract that specifically includes transportation to and from work.*[14] It is clear that the two are not equivalent.

11. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

12. Employer contends that its failure to appeal the WCJ's decision did not result in the waiver of any issue. In fact, Employer maintains that it had no need to appeal because the WCJ never made a finding adverse to Employer's interests. Employer reasons that the WCJ never determined that the employment contract exception to the going and coming rule still existed; rather, in her Conclusions of Law, No. 4, the WCJ merely concluded that Decedent's employment contract included transportation to and from work, something that already was an accepted fact in this case.

13. Employer has failed to cite, and we have not uncovered, any authority that the employment contract exception to the going and coming rule was abolished under the 1993 amendments to the Act. Indeed, this court continues to recognize and apply all four exceptions. *See e.g., Wells Fargo Co. v. Workers' Compensation Appeal Board (Pacheco),* 764 A.2d 1147, (Pa.Cmwlth.2000); *Stewart; Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse),* 718 A.2d 397 (1998). Because we hold that the employment contract exception applies here, we need not consider Employer's waiver argument or its contention that Decedent was not in the course of employment based on special circumstances.

14. The fact that Employer equates the two is evident from the argument portion of its brief. There, citing *Rittner* as authority, Employer presents what it contends are the four excep-

■ In fact, we agree with Employer that an employee is not in the course of employment simply by virtue of the fact that he or she is driving an employer-provided vehicle. However, contrary to Employer's contention, this is not a concept first adopted by the legislature in 1993. Rather, the amendment to section 301(c)(1) only states what this court already had recognized. *See e.g., Unity Auto Parts, Inc. v. Workmen's Compensation Appeal Board (Bigley)*, 148 Pa. Cmwlth. 4, 610 A.2d 1071, *appeal denied,* 528 Pa. 618, 596 A.2d 801 (1991) (holding that the fact that an employee is injured while traveling to or from work in the employer's vehicle does not automatically support a conclusion of law that the injury occurred in the course of employment *unless* the evidence supports a finding that the employment contract included transportation). Because Employer here does not dispute that transportation to and from work was one of the terms of Decedent's employment contract, Claimant has met her burden to prove entitlement to benefits under the Act. *Empire Kosher Poultry Inc. v. Workmen's Compensation Appeal Board (Zafran)*, 154 Pa.Cmwlth. 276, 623 A.2d 887, *appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994); *Rittner.*

■ Having made this determination, we must now decide whether Employer's affirmative defenses preclude Claimant's recovery. In this regard, Employer argues that the WCAB erred by concluding that Employer could not meet its burden of establishing a violation of law and/or company policy by means of the police accident report. Specifically, Employer relies on *Burger King v. Workmen's Compensation Appeal Board (Boyd)*, 134 Pa. Cmwlth. 547, 579 A.2d 1013 (1990), for the proposition that a summary offense, such as those recorded in the police accident report, constitutes a "violation of law" as contemplated by section 301(a) of the Act, and so removes an employee from the course of employment if the employee is injured while committing the offense. Likewise, citing *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa.Cmwlth.1995), Employer maintains that because Decedent violated Employer's safe driving policy, as indicated by the notations in the police accident report, Decedent was outside the course of his employment for purposes of workers' compensation benefits when he was injured due to that violation. Employer also refutes the WCAB's conclusion that the police accident report was hearsay and, thus, incompetent to sustain Employer's burden of proving Decedent's alleged violation of law and company policy. According to Employer, the report is competent because it was introduced as evidence by Claimant without objection from Employer. We disagree with Employer's arguments and, like the WCAB, we conclude that the police accident report was neither sufficient nor competent evidence to establish Employer's affirmative defenses.

Initially, we take issue with Employer's characterization of the holding in *Burger King.* In that case, the claimant, traveling northbound during the course of his em-

---

tions to the going and coming rule as they existed prior to the 1993 amendments to the Act. Employer asserts that, under *Rittner*, the employment contract exception allowed a claimant to prevail "if the injury occurred while the employee was driving an employer-provided vehicle." (Employer's brief at 9.) In making this assertion, Employer deliberately misreads and/or misquotes *Rittner* to mirror the language added to section 301(c)(1) in 1993 and, thus, make it appear as though the 1993 amendments eliminated the employment contract exception. However, in *Rittner,* this court did *not* recognize a claim-

ant's mere operation of an employer-provided vehicle as an exception to the general rule disallowing compensation for injuries sustained while en route to or from work. Rather, we determined that an exception to the going and coming rule was established where the "claimant's employment contract includes transportation to and from work." *Id.* at 678. We stressed that where a claimant proves at least one of the exceptions to the going and coming rule, there was no need to also show that a decedent was actually engaged in furtherance of the employer's business at the time of the accident. *Id.*

ployment, entered the southbound lane and collided with an oncoming vehicle, killing its occupants. He pled guilty to the summary offense of meeting a vehicle proceeding in the opposite direction as well as three counts of involuntary manslaughter, a misdemeanor offense. The referee, affirmed by the WCAB, awarded workers' compensation benefits to the claimant, reasoning that the claimant's collision and resulting injuries were due to the summary offense and, thus, were not caused by any act that constituted a violation of law within the meaning of the Act.

■ In reversing the grant of benefits, this court recognized that "violation of law," as intended under section 301(a) of the Act, *generally* has been understood to mean the commission of a felony or misdemeanor. *See also Lomax v. Workmen's Compensation Appeal Board (Mitchell)*, 121 Pa.Cmwlth. 371, 550 A.2d 866 (1988); *Abbotts Dairies v. Workmen's Compensation Appeal Board*, 38 Pa.Cmwlth. 423, 393 A.2d 517 (1978). However, we acknowledged that *"under certain circumstances,* something less than a felony or misdemeanor may be deemed a 'violation of law,'" *Burger King*, 579 A.2d at 1015 (emphasis added), and we introduced a very narrow exception to the general rule which, when applied, "gives to summary convictions a level of legal significance previously reserved for felonies and misdemeanors." *Id.* Specifically, we stated:

> [W]hen a summary offense conviction is a necessary element of a felony or misdemeanor conviction it can be introduced at administrative hearings as conclusive evidence and should be given the same level of legal significance as the more serious crime. Therefore, in such cases involving workmen's compensation, if the non-summary conviction involved can be deemed a "violation of law," the summary offense is also a "violation of law" under the Act.

*Id.* at 1016. Thus, a summary offense can be considered a "violation of law" for purposes of section 301(a) of the Act only where it is a necessary element of a felony or misdemeanor conviction. Because the summary offense in *Burger King* was deemed a necessary element of, and was the direct cause for, the more serious crimes, we concluded that it constituted a violation of law under the Act. Those are not the facts in this case.

■ Here, Employer admits that the offenses attributed to Decedent in the police accident report all are summary offenses, but Employer contends that, under *Burger King's* "indisputable holding," a summary offense does constitute the violation of law contemplated by section 301(a), *regardless of whether additional felony or misdemeanor charges are associated with the driving violation.* (See Employer's brief at 16) (emphasis added). In attributing this broad reading to *Burger King*, it is obvious that Employer completely misapprehends the holding of that decision. It is equally clear that the narrow exception recognized in that case is not relevant here. With its argument, Employer attempts to inject fault and simple negligence into workers' compensation proceedings; however, the Act clearly does not recognize negligence as a defense. *See* section 301(a) of the Act, 77 P.S. § 431 (providing that compensation shall be paid in all cases by the employer, without regard to negligence); *Elinsky v. Workmen's Compensation Appeal Board (Gulf Research and Development Co.)*, 116 Pa. Cmwlth. 51, 540 A.2d 1019 (1988) (granting benefits to a surviving spouse of an employee killed in an automobile accident where the evidence supported the conclusion that the accident was caused by the employee's negligence rather than his intoxication, despite a blood alcohol level of .291 by weight).

■ For this reason, we similarly conclude that Employer has failed to establish any violation of company policy that would preclude Claimant's right to recovery. Employer cites *Nevin Trucking* for the general proposition that where an employee violates his employer's policy, he is outside the course and scope of employ-

ment for purposes of workers' compensation. We believe that Employer overstates the principle set forth in *Nevin Trucking* and that its reliance on this case is misplaced.

In *Nevin Trucking*, the claimant, a truck driver, was injured while attempting to change a tire on his truck. In contesting a claim for benefits, the employer argued that the claimant was not within the scope of his employment at the time of injury because he had violated a positive order from the employer prohibiting drivers from changing their own tires. The employer based this argument on our supreme court's decision in *Dickey v. Pittsburgh and Lake Erie R.R. Co.*, 297 Pa. 172, 146 A. 543 (1929), in which the court denied benefits to a claimant based on a violation of an employer's positive order. As we took care to note, however, the supreme court in *Dickey* emphasized that such a violation would not always result in a denial of compensation. Specifically, the court in *Dickey* stated:

> Care must be taken not to confuse the principle enunciated with negligent acts, willful misconduct, or those acts in disregard of positive orders of the employer, where the employee's duties included the doing of the act that caused the injury, or where his duties were so connected with the act that caused the injury, that as to it he was not in the position of a stranger or trespasser. The violation of positive orders under these circumstances does not prohibit compensation for injuries sustained therefrom.
>
> However, injuries resulting from those acts which are in direct hostility to, and in defiance of, positive orders of the employer concerning instrumentalities, places or things about or on which the employee has no duty to perform, and with which his employment does not connect him, are not compensable under the clause in question.

*Id.* at 175, 146 A. at 544 (citations omitted).

In *Dickey*, the court then went on to provide a concrete illustration of its reasoning, considering a hypothetical situation where two railroad employees violate the railroads' printed rules and orders relating to their employees' duties in the movement of trains. As the court explained, "[a] violation of these rules by one whose duty it is to perform the function which they affect is not a violation under [the Act.]" *Id.* at 175, 146 A. at 544. Thus, an engineer who is killed when he willfully runs a red signal in violation of the rule and order commits a compensable negligent act, whereas a brakeman who has no duty to perform on the engine cannot recover when he is killed doing the same act.

Applying the reasoning employed in *Dickey*, and approved in *Nevin Trucking*, it is apparent that, under the facts here, Decedent was not acting outside the realm of his work activities when he was killed. There is no evidence that Decedent was not supposed to drive the company vehicle to work; indeed, all of the evidence is to the contrary. Thus, the allegations Employer has raised constitute compensable negligent acts. *Dickey; Nevin Trucking*.

■ Finally, we reject Employer's argument that, contrary to the WCAB's determination, the police accident report constituted competent evidence to support a finding by the WCJ that Decedent committed a violation of law or company policy. Here, the WCJ based her finding of fact regarding Decedent's violations of law on the police accident report, which was prepared by an officer who did not witness the accident. In *Holland v. Zelnick*, 329 Pa.Super. 469, 478 A.2d 885, 888 (1984), the superior court, citing *Johnson v. Peoples Cab Co.*, 386 Pa. 513, 126 A.2d 720 (1956), stated that a police report prepared by an officer who did not witness the accident is inadmissible hearsay evidence and should not be admitted into evidence. Employer places great emphasis on the fact that Claimant, not Employer, offered the police accident report into evidence,

and, under different circumstances, we might conclude that the police accident report offered by Claimant constituted an admission against interest. However, because Claimant here offered the report simply to establish the time of the accident, (R.R. at 182), it remains hearsay. Although the relaxed evidentiary rules applicable in administrative proceedings may allow admission of hearsay into evidence, uncorroborated hearsay, even admitted without objection, cannot support a finding of fact in a workers' compensation proceeding. *Kondrat v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 145 Pa.Cmwlth. 428, 603 A.2d 689, *appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992); *Gallick v. Workers' Compensation Appeal Board (Department of Environmental Resources)*, 108 Pa.Cmwlth. 617, 530 A.2d 945 (1987); *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976). Accordingly, the police accident report, uncorroborated by any other evidence, is insufficient to support the WCJ's finding of fact regarding Claimant's alleged speeding and careless driving violations. Likewise, with regard to the alleged violations of Employer's company policy relating to the operation of vehicles, absent the hearsay evidence relied upon exclusively by the WCJ, there is no competent evidence in the record to support the WCJ's finding that any such policy violations occurred.

Accordingly, for all these reasons, we affirm the WCAB's grant of fatal claim benefits to Claimant. Moreover, because the WCAB did not abuse its discretion in denying Employer's petition for reconsideration,[15] we also affirm that order, except to the extent that it suggests that the 1993 amendments to the Act abolished the employment contract exception to the going and coming rule.

### ORDER

AND NOW, this 2nd day of February, 2001, the orders of the Workers' Compensation Appeal Board, dated October 21, 1999 and June 13, 2000 respectively, are hereby affirmed.

---

15. This court will only reverse a decision to grant or deny a request for reconsideration for an abuse of discretion. *Seneca Co.*

*(Shooster Properties) v. Workers' Compensation Appeal Board (Kober)*, 713 A.2d 709 (Pa. Cmwlth.1998).