613 A.2d 36

**Robert FRANKS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SEPTA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 1991.

Decided Dec. 30, 1991.

Publication Ordered Aug. 14, 1992.

Nancy M. Goodman, for petitioner.

Vatche Kaloustian, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Robert Franks (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying benefits in accordance with Section 301(a) of The Pennsylvania Workmen's Compensation Act.[1] We reverse.

The claimant was employed as a cashier by SEPTA (employer). On April 27, 1988, he filed a claim petition for neck and back injuries, aggravation of hypertension, and psychological injuries received at work on January 11, 1987, during the course of his arrest for theft.[2] Before the referee, both the claimant and the employer presented evidence.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 431, which provides in pertinent part that "no compensation shall be paid when the injury ... is caused by the employe's violation of law...."

2. Claimant was charged and convicted of one count each of the misdemeanors of receiving stolen property and theft by failure to make required disposition of funds received. Sections 3925 and 3927 of the

The claimant testified that as he was leaving the cashier's booth at the end of his shift, a SEPTA revenue inspector asked him to accompany him back into the cashier's booth so that the inspector could conduct a revenue inspection. Upon request, the claimant produced personal money from his pockets which included pre-reported bills tendered by SEPTA agents as fares. A SEPTA detective then proceeded to arrest and handcuff the claimant. The claimant alleges that, during the course of the arrest, the detective twisted his arm behind and above his head, threw him against the counter, and caused him to fall to the floor. The detective denied these allegations.

The referee found the detective's testimony that "he did not in any way '[r]uff the [c]laimant [u]p' " not credible. Instead, the referee found the testimony of the claimant's treating physicians to be more credible and, on that basis, found that the claimant sustained physical and psychological injuries during the course of his arrest. The referee denied benefits, concluding that the claimant's injuries were not compensable as a matter of law because they occurred during the course of his arrest on charges for which he was later convicted. On appeal, the Board affirmed this decision, and it is from this order of the Board that the claimant appeals here.[3]

On appeal, the claimant argues that the referee made an error of law in concluding that the employer met its burden of proof that the claimant's injuries were caused by a violation of law. We agree. Section 301(a) of the Act provides that compensation is barred where the injury results from a claimant's violation of law and, also, specifically places the burden of proving a violation of law on the employer. The employer's burden of proof is greater than a mere preponderance. *Lomax v. Workmen's Compensation Appeal Bd.*

Crimes Code, *as amended*, 18 Pa.C.S. §§ 3925, 3927. The claimant was also charged, but not convicted, of theft by unlawful taking. § 3921

3. Our scope of review in this case is confined to determining whether necessary findings of fact are supported by substantial evidence or whether an error of law was committed. *Abbotts Dairies v. Workmen's Compensation Appeal Bd.*, 38 Pa.Commonwealth Ct. 423, 393 A.2d 517 (1978).

*(Mitchell)*, 121 Pa.Commonwealth Ct. 371, 550 A.2d 866 (1988). Moreover, although the employer is not required to prove causation beyond a reasonable doubt, *id.*, it must establish a causal connection between the violation of law and the claimant's injuries. *Burger King v. Workmen's Compensation Appeal Bd. (Boyd)*, 134 Pa.Commonwealth Ct. 547, 579 A.2d 1013 (1990).

The employer argues here that a lawful arrest and conviction support the conclusion that the claimant's injuries were caused by a violation of law. However, the claimant's mere commission of and conviction for the misdemeanors do not substitute for proof of the cause of his injuries. Moreover, substantial evidence supports the referee's finding that the claimant was injured in the course of his arrest, not while stealing the fare money. The record also shows that the claimant cooperated in the inspection and did not resist arrest. Consequently, it appears that the employer failed to establish a causal connection between the violation of law and the claimant's injuries.

Therefore, because there was no violation of law barring compensation under Section 301(a) of the Act, we reverse the Board's decision and grant benefits.

## ORDER

AND NOW, this 30th day of December, 1991, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.