**ERISCO INDUSTRIES, INC. and Inservco Insurance Services, Inc., Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LUVINE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 25, 2008.

Filed Sept. 3, 2008.

Thomas D. Gladden, Pittsburgh, for petitioner.

Kevin W. Barron, Erie, for respondent.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Erisco Industries, Inc. (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that reversed the decision of the Workers' Compensation Judge (WCJ), suspending the total disability benefits of George Luvine (Claimant). Employer challenges the Board's determination, which was based upon the doctrine of collateral estoppel. In a prior claim petition proceeding, this Court held that Employer failed to establish the required chain of custody for Claimant's drug test sample to support its affirmative defense that Claimant's disability was caused by his use of drugs, not by his work injury. In the suspension case now before us, the Board held that Employer was barred from relying upon the same drug test in support of its contention that Claimant's pre-injury job was available but for Claimant's termination for illegal drug use.

On February 18, 1997, Claimant sustained a left knee injury (left tibial plateau fracture) in the course of his employment with Employer as a machine operator. He also suffered amputations of two fingers on the right hand and one finger on the left hand from the same work incident. After the injury, Claimant underwent a drug test pursuant to Employer's policy. Based on positive test results for cocaine and marijuana, Employer terminated Claimant's employment and issued a notice of compensation denial, asserting that Claimant did not sustain the injury within the scope of his employment. Claimant filed a claim petition, which was denied by the WCJ

under Section 301(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 431, which provides in relevant part: "[N]o compensation shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law, including, but not limited to, the illegal use of drugs, but the burden of proof of such fact shall be upon the employer...." The Board affirmed the WCJ's decision.

This Court reversed the Board's decision on appeal.[1] The Court concluded that Employer failed to independently establish the required chain of custody for Claimant's urine sample and that the WCJ's denial of the claim petition, therefore, was not supported by substantial evidence. *See Franks v. Workmen's Comp. Appeal Bd. (SEPTA),* 148 Pa.Cmwlth.25, 613 A.2d 36 (1991) (to establish an affirmative defense under Section 301(a) of the Act, an employer must demonstrate a causal connection between a claimant's violation of law and his or her injuries); *Worthington v. Dep't of Agriculture State Horse Racing Comm'n,* 100 Pa.Cmwlth. 183, 514 A.2d 311 (1986) (where a drug test sample is not taken by the laboratory that prepared the test report, the chain of custody of the test sample must be independently proven before the report may be admitted). The Court noted that Employer's medical witness relied solely on the drug test results to conclude that Claimant's use of drugs caused his injury. However, the director of the laboratory that performed the drug test admitted that he had no knowledge of the chain of custody prior to the laboratory's receipt of Claimant's urine sample. Further, the individual who collected Claimant's test sample did not testify, and no evidence was presented to verify that the signature on the toxicology requisition

form was Claimant's. As a result, Claimant received total disability benefits. The Supreme Court denied Employer's petition for allowance of appeal.

In March 2004, Employer filed the underlying petition to suspend Claimant's benefits as of February 26, 2004. It alleged that Claimant had been released to full-time, heavy-duty work, which would allow him to perform his pre-injury job and that his pre-injury job would be available to him but for his termination for criminal conduct and his violation of Employer's policy. Claimant argued in his answer that Employer was collaterally estopped from asserting that he was discharged for criminal conduct or violating Employer's policy. Employer later amended the petition to include a request to terminate Claimant's benefits for his left knee injury. Employer also filed a petition to modify benefits as of March 24, 2005, based on available employment opportunities within Claimant's vocational and physical capabilities.

To support the petitions, Employer presented the deposition testimony of Richard T. Kozakiewicz, M.D., board-certified in physical and electrodiagnostic medicine and rehabilitation, who performed an independent medical examination of Claimant in February 2004. Dr. Kozakiewicz opined that Claimant had functionally fully recovered from the left knee injury but had a permanent lack of fine manipulation in the right hand as a result of the amputations of his fingers. Dr. Kozakiewicz released Claimant to full-time, heavy-duty work with restrictions related to the right hand. Employer's vice president of human resources testified that Claimant's pre-injury position was within the restrictions imposed by Dr. Kozakiewicz. She stated that Employer did not offer Claimant that

---

1. *See Luvine v. Workers' Comp. Appeal Bd. (Erisco Industries)* (Pa.Cmwlth., No. 1338 C.D.2001, filed August 6, 2002), *appeal denied,* 572 Pa. 761, 818 A.2d 506 (2003).

position because he was discharged for failing the drug test. Claimant had previously been discharged for drug use and rehired following drug and alcohol rehabilitation. Employer's vocational specialist testified that he performed a labor market survey based on Dr. Kozakiewicz' physical capabilities report and that Dr. Kozakiewicz approved five positions as within Claimant's restrictions.

Claimant testified that he did not receive any job referrals from Employer. Claimant's medical witness, Donald Viscusi, M.D., board-certified in family practice, disagreed with Dr. Kozakiewicz' evaluation and restricted Claimant to lifting no more than fifty pounds and further restricted his ability to stand, walk, climb, crawl, kneel and squat. The WCJ denied Claimant's motion seeking to dismiss the suspension petition based on res judicata.

The WCJ accepted the testimony of Dr. Kozakiewicz and Employer's lay witnesses as credible and rejected the conflicting testimony of Claimant and Dr. Viscusi. The WCJ found that Claimant's disability from the left knee injury had ceased and that although Claimant was still suffering from residual disability from the amputations of fingers, he was capable of performing the duties of the pre-injury position. The WCJ stated that that position, however, "was not available to [him] because of his own actions and not as a result of his said injury." WCJ's November 20, 2006 Decision, Finding of Fact No. 13; Reproduced Record at 224a. The WCJ terminated Claimant's benefits for the left knee injury and suspended his benefits as of February 26, 2004. The modification petition was dismissed as moot. Claimant appealed the WCJ's decision to the extent it suspended his benefits.

The Board reversed, concluding that Employer was collaterally estopped from relitigating the drug test issue and that

Employer was not entitled to present more conclusive evidence to establish the chain of custody of the drug test sample. The Board refused to remand the matter to the WCJ to consider the petition to modify benefits. The Board stated that Employer could not rely on the labor market survey to establish Claimant's earning power because it admitted to the availability of the pre-injury job but for the termination of employment and because it could not relitigate the drug test to establish Claimant's bad-faith separation from employment.

It is well-settled that work-related disability, once established, is presumed to continue until proven otherwise. *Pappans Family Restaurant v. Workers' Comp. Appeal Bd. (Ganoe)*, 729 A.2d 661 (Pa.Cmwlth.1999). In order to suspend benefits, the employer must establish either that work within the claimant's restrictions was available or that the claimant's disability was caused by something other than the work-related injury. *Virgo v. Workers' Comp. Appeal Bd. (County of Lehigh–Cedarbrook)*, 890 A.2d 13 (Pa. Cmwlth.2005). The employer can meet this burden by demonstrating that suitable work was available or would have been available but for the claimant's wrongful conduct or circumstances which merit allocation of the consequences of the discharge to the claimant, such as the claimant's lack of good faith. *Stevens v. Workers' Comp. Appeal Bd. (Consolidation Coal Co.)*, 563 Pa. 297, 760 A.2d 369 (2000). Employer argues that the Board erred in concluding that Employer was estopped from proving that Claimant was terminated for illegal drug use. Employer does not challenge the Board's refusal to remand for the WCJ's consideration of the modification petition.

Under the doctrine of collateral estoppel, relitigation of an issue of fact or law determined in a prior proceeding is

precluded if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *Office of Disciplinary Counsel v. Kiesewetter*, 585 Pa. 477, 889 A.2d 47 (2005). The doctrine relieves litigants of the cost and vexation of multiple lawsuits, conserves judicial resources and encourages reliance on an adjudication. *Id.* Under the doctrine, factual and legal determinations are conclusive between the parties in a subsequent action involving different causes of action. *Mason v. Workmen's Comp. Appeal Bd. (Hilti Fastening Sys. Corp.)*, 657 A.2d 1020 (Pa.Cmwlth.1995).

■■■ The Court agrees with the Board that Employer was precluded from attempting to show that Claimant failed the drug test. Employer had a full opportunity to establish the results of the test in the previous claim petition proceeding and failed to do so. Employer asserts that collateral estoppel should not apply because in the claim proceeding there was no "definitive factual determination" regarding the results or validity of the drug test, but only a finding that it failed to present sufficient evidence to meet its burden of proof. This court has previously rejected that argument, and we are bound by that holding. As we noted:

> [Appellant] also argues that [the court in the first proceeding] did not find that a taking had occurred, but rather held that the evidence was inconclusive as to whether a valid condemnation occurred in 1948. It is [appellant's] contention

that given a second chance to litigate this issue it can present more conclusive evidence establishing the 1948 taking. The doctrine of collateral estoppel only requires that a party be given a full and fair chance to litigate the issue. The fact that more conclusive evidence might be presented at a subsequent hearing is neither sufficient nor relevant grounds for disallowing the application of the doctrine in this Commonwealth.

*Dep't of Transp. v. Martinelli*, 128 Pa. Cmwlth. 448, 563 A.2d 973, 976–77 (1989). Hence, Employer failed to meet the burden of establishing its entitlement to suspend Claimant's benefits.

Citing *Edwards v. Workers' Comp. Appeal Bd. (Sear's Logistic Servs.)*, 770 A.2d 805 (Pa.Cmwlth.2001), Employer nonetheless argues that it could justifiably discharge an employee for failing a drug test without showing the chain of custody for test samples. Employer's reliance on *Edwards* is misplaced. The Court held in *Edwards* that the evidence of drug screening testing was relevant in determining whether the claimant's loss of earnings was no longer related to the work-related disability. Unlike in this case, however, the validity of the drug test was not in issue in *Edwards* because the claimant stipulated to the authenticity of the test. Employer also cites *Hershberger v. Jersey Shore Steel Co.*, 394 Pa.Super. 363, 575 A.2d 944 (1990), to argue that it was not prevented from discharging Claimant based on a defective drug test in Pennsylvania, which is an at-will employment state. However, the relevant issue is not whether Employer had a right to discharge Claimant for failing a drug test, but whether it established that he did, in fact, fail the test and therefore the unavailability of his pre-injury job was due to his own misconduct.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 3rd day of September, 2008, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.